**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **LATOYA BECTON,** | |
| **LATISHA BLAKE,** | |
| **SHANTERIA CAMERON,** | |
| **DONJANAE GRANT,** | |
| **SHELDON HAILEY,** | |
| **AYALLA TALLEY,** | |
| **KARENNA VAN HOOK,** | |
| **EBONY YARBROUGH,** | |
| **JANNA ANDERSON,** | |
| **NOELLE GREEN,** | |
| **RODRINNA BROOKS,** | |
| **MIKKI WILLIAMS,** | |
| **COURTNEY SACDALAN,** | |
| **DELISHA WATKINS,** | |
| **RAQUESHA MCLEAN,** | **CIVIL ACTION FILE** |
| **COURTNEY BRADLEY,** | |
| **MICHAELA HARRIS,** | **NO.: _____** |
| **TONI DAVIS,** | |
| **QUINA DOPOE,** | |
| **JESSICA SAUNDERS,** | |
| **TONISHA BAKER,** | |
| **JASMINE STEWART,** | |
| **SAMANTHA GLEN,** | |
| **SHANTE SYLVESTER,** | |
| **ASHLEY MURPHY,** | |
| **AYANA ROBINSON,** | |
| **CALESIA GODDARD,** | |
| **CHRISTINA CHARLES,** | |
| **CYDNEY BELL,** | |
| **DESIREE MCGOWAN,** | |
| **GRACE KING,** | |

**HAILEY LYTLE,**
**HOLLY HUTSELL,**
**ISABEL SERRANO,**
**JAZZLYN GRIFFIN,**
**JESSICA ABRAHAM,**
**JOLENE NYGUYN,**
**KERRA MCDUFFIE,**
**NINA KIM,**
**PAMERIS LARA,**
**TIFFANY CLARKE-MURPHY,**
**VICTORIA WILLIAMS,**
**SHANNON JACKSON,**
**SAMANTHA SCHAFFER, and**
**SARAH OLSHANSKY,**

      **Plaintiffs,**

**vs.**

**WBY, INC. a/k/a FOLLIES,**
**STEVEN YOUNGELSON,**
**SURREY WHITE,**
**EDWARD ALLEN and**
**STEVEN SHINE,**

      **Defendants.**

# COMPLAINT[1]

COME NOW LATOYA BECTON, LATISHA BLAKE, SHANTERIA CAMERON, DONJANAE GRANT, SHELDON HAILEY, AYALLA TALLEY, KARENNA VAN HOOK, EBONY YARBROUGH, JANNA ANDERSON, NOELLE GREEN, RODRINNA BROOKS, MIKKI WILLIAMS, COURTNEY SACDALAN, DELISHA WATKINS, RAQUESHA MCLEAN, COURTNEY BRADLEY, MICHAELA HARRIS, TONI DAVIS, QUINA DOPOE, JESSICA SAUNDERS, TONISHA BAKER, JASMINE STEWART, SAMANTHA GLEN, SHANTE SYLVESTER, ASHLEY MURPHY, AYANA ROBINSON, CALESIA GODDARD, CHRISTINA CHARLES, CYDNEY BELL, DESIREE MCGOWAN, GRACE KING, HAILEY LYTLE, HOLLY HUTSELL, ISABEL SERRANO, JAZZLYN GRIFFIN, JESSICA ABRAHAM, JOLENE NYGUYN, KERRA MCDUFFIE, NINA KIM, PAMERIS LARA, TIFFANY CLARKE-

---

[1]    On February 5, 2016, Defendant WBY, Inc. d/b/a Follies filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code. The bankruptcy case is pending in the U.S. Bankruptcy Court for the Northern District of Georgia. Each of the above named Plaintffs filed a timely proof of claim with the Bankruptcy Court. On October 7, 2016, the Bankruptcy Court entered an order lifting the automatic stay to allow the captioned Plaintiffs to "proceed for the purpose of the District Court determining (i) whether the [Plaintiffs] were employees of Debtor and, if so (ii) whether Debtor violated the FLSA, 29 U.S.C. Sec. 201 *et seq*. by failing to compensate [Plaintiffs] at the minimum and overtime rates." Plaintiffs' claims against WBY, Inc. are brought consistent with that Order. A copy of the Order lifting the stay is attached hereto as Exhibit 1.

MURPHY, VICTORIA WILLIAMS, SHANNON JACKSON, SAMANTHA SCHAFFER, and SARAH OLSHANSKY, (collectively referred to as "Plaintiffs"), by and through their attorneys, and assert claims against WBY, INC. a/k/a FOLLIES, STEVEN YOUNGELSON, SURREY WHITE, EDWARD ALLEN and STEVEN SHINE (collectively "Defendants") under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), for due but unpaid minimum and overtime wages and other relief on the grounds set forth as follows:

## <u>INTRODUCTION</u>

1.      Plaintiffs are current and former entertainers employed by Defendants at Follies strip club in Atlanta, Georgia. Defendants misclassified Plaintiffs as independent contractors and failed to pay them minimum and overtime wages required by the FLSA.

## <u>JURISDICTION AND VENUE</u>

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action includes claims arising under the FLSA.

3.      Venue is proper under 28 U.S.C. § 1391 because Defendants reside in this District and all of the events giving rise to these claims arose in this District.

## PARTIES

4.     Defendant WBY, Inc. ("WBY") is a corporation organized and existing under the laws of the State of Georgia. WBY may be served at its principal office or registered agent located in Atlanta, Georgia. At all times mentioned herein, WBY was an employer of each Plaintiff within the meaning of 29 U.S.C. § 203(d).

5.     Defendant Steven Youngelson ("Youngelson") is an owner and officer of WBY and a resident of Fulton County, Georgia. At all times mentioned herein, Youngelson acted directly or indirectly on behalf of WBY and is an employer within the meaning of 29 U.S.C. § 203(d).

6.     Defendant Surrey White ("White") is an owner and officer of WBY and a resident of Cobb County, Georgia. At all times mentioned herein, White acted directly or indirectly on behalf of WBY and is an employer within the meaning of 29 U.S.C. § 203(d).

7.     Defendant Edward Allen ("Allen") was employed as a manager by WBY and is a resident of Henry County, Georgia. At all times mentioned herein, Allen acted directly or indirectly on behalf of WBY and is an employer within the meaning of 29 U.S.C. § 203(d).

- 5 -

8.     Defendant Steven Shine ("Shine") was employed as a manager by WBY and is a resident of Fulton County, Georgia.  At all times mentioned herein, Shine acted directly or indirectly on behalf of WBY and is an employer within the meaning of 29 U.S.C. § 203(d).

9.     Defendants are subject to the jurisdiction of this Court.

10.    Each Claimant worked as an entertainer/dancer at Follies and qualified as an employee under 29 U.S.C. Sec. 203(e)

## COMMON FACTUAL ALLEGATIONS

11.    WBY operates a strip club named Follies at 4075 Buford Highway NE, Atlanta, Georgia 30345 (the "Club" or "Follies").

12.    Defendants White and Youngelson were owners and officers of WBY and involved in the day-to-day operation of the Club.

13.    Youngelson and White made the decision to misclassify Plaintiffs and other dancers as independent contractors rather than employees, and not pay them the minimum wage.

14.    At all times mentioned herein, the Club was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

15.    The Club had multiple employees regularly selling alcoholic beverages produced and shipped from outside of the State of Georgia, serving foods produced and shipped from outside of the State of Georgia, and processing out-of-state credit card sales in the furtherance of its business.

16.    During 2013 through 2016, the Club had annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.    During the same period, the Club had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.    The Club controlled each entertainers' work schedules by requiring them to work a certain number of hours a shift or pay a monetary penalty or fine for failure to do so.

19.    The Club would not allow entertainers to leave the premises without permission.

20.    The Club's house moms and managers, including Youngelson, White, Allen and Shine, monitored the entertainers dress and appearance, had the

authority to require dancers to change their appearance and attire at work and required dancers to change their appearance and attire at work when they deemed it appropriate.

21.     The Club's managers, including Youngelson, White, Allen and Shine, had the authority to suspend and discipline dancers for violation of its rules.

22.     The Club's managers supervised dancers on a day-today basis.

23.     The Club required dancers to attend meetings.

24.     The Club used mandatory dancer meetings to discuss problems with dancer dress, hair, makeup, weight, and appearance, Club promotional efforts and other work related issues.

25.     The Club paid all costs associated with operating the Club, including but not limited to rent, upkeep and maintenance of the facility, utilities, furnishings, labor, costs of food and drink and advertising marketing, and promoting the Club.

26.     The Club's marketing, promotional activities, advertising and reputation resulted in customers' desire to frequent the Club.

27.     The Club required Club customers to pay a "door fee" to enter the business and thus had ultimate authority as to which individuals were allowed to enter the Club as customers.

28.    The Club's managers and house moms had the discretion not to permit a dancer to perform.

29.    The Club's DJ's have given dancers instructions to remove clothing while on stage, and called dancers to dance on stage on a set rotation established by the Club.

30.    The Club decided which music to play at the Club.

31.    The Club determined where an entertainer could dance and what she could charge for the dance.

32.    The Club set rates for VIP rooms.

33.    The Club enforced a mandatory check-out process for the Club's dancers, which included the payment of various fees and fines to the Club and its managers, house moms, and DJs.

34.    The Club maintained and enforced rules of conduct for dancers.

35.    The duties of Club management included ensuring that dancers complied with Club rules and policies.

36.    The Club provided all stages used for dancer performances at the Club.

37.    The Club provided and maintained VIP rooms.

38.    The Club provided all poles used for dancer performances at the Club.

39.    The Club was responsible for day-to-day purchases of liquor and food for sale at the Club.

40.    The Club did not require the Club's dancers to have prior experience as dancers or any formal or special training.

41.    The Club made all decisions regarding the hiring, firing or disciplining of entertainers and waitresses.

42.    An entertainer was generally hired based upon her looks and her willingness to disrobe.

43.    The Club advertised its business using pictures of scantily clad women.

44.    The presence of nude dancers was integral to the Club's business success.

45.    Plaintiffs were "employees" as that term is used in the FLSA, rather than independent contractors, as a matter of economic reality.

46.    Defendants were Plaintiffs' "employers" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

47.    Plaintiffs were not exempt from the minimum wage requirements of the FLSA.

48.    Defendants paid Plaintiffs no wages or other compensation whatsoever.

49.    Plaintiffs were not subject to the tip credit provisions because they were not notified of the Club's intent to take a tip credit under the FLSA.

50.    Plaintiffs were not subject to the tip credit provisions of the FLSA because they were not allowed to retain all of their tips and were required to participate in an illegal tip sharing pool, involving managers and others.

51.    Plaintiffs were not subject to the tip credit provisions of the FLSA because they were not paid at least $2.13 per hour.

52.    Defendants knew or acted with reckless disregard as to the lawfulness of its misclassification scheme.

53.    Defendants have ignored the law or made no efforts to ascertain whether or not its misclassification scheme complied with the law.

54.    This District and other cases within the Eleventh Circuit have found similar misclassification schemes involving adult entertainers unlawful. *See Vaughn v. M-Enter. Prop., Inc.,* No. 1:14-CV-914-SCJ (N.D.Ga. Mar. 15, 2016)*; Stevenson v. Great Am. Dream, Inc.*, No. 1:12-CV-3359, 2013 WL 6880921 (N.D.Ga. Dec. 31, 2013); *Clincy v. Galardi S. Enter.*, Inc., 808 F. Supp. 2d 1326

(N.D.Ga. 2011); *Harrell v. Diamond A Entr., Inc.*, 992 F.Supp. 1343 (M.D.Fla. 1997).

55.     In fact, at least two prior FLSA actions against these same Defendants alleging the same violations are pending in this District. *Hurst v. Steven Youngelson, WBY, Inc., Steven Shine, Edward "Cain" Allen and Surrey White*, No. 1:15-CV-3560-CAP; *Tiara Payne and Kristin Journigan v. WBY, Inc. d/b/a the Follies*, No. 1:14-CV-00913-SCJ.

56.     In spite of the clear legal precedent in this District and the lawsuits directed toward Defendants, they continue to operate a Club using the same unlawful labor practices.

57.     Upon information and belief, Defendants continue to operate unlawfully because it is more profitable for them to continue violating the law rather than comply with the law.

## COUNT ONE
## VIOLATION OF 29 U.S.C. §§ 206 AND 215

58.     Paragraphs 1 through 57 are incorporated herein by this reference.

59.     Plaintiffs were employees covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

60.    Defendants failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage.

61.    Defendants willfully failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage.

62.    Plaintiffs are entitled to payment of their minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

63.    Defendants' requirement that Plaintiffs pay fees and fines to the Club and its managers, house moms, and DJs violated the "free and clear" requirement of 29 CFR 531.35.

64.    Plaintiffs are entitled to receive all unpaid minimum wages from Defendants for the hours that they worked.

65.    Plaintiffs are entitled to recover from Defendants all fees and fines that they were required to pay in order to work at the Club.

66.    As a result of Defendants' willful underpayment of minimum wages as alleged above, Plaintiffs are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

67.     As a result of its underpayment of minimum wages as alleged above, Defendants are jointly and severally liable to Plaintiffs for their litigation costs, including their reasonable attorney's fees, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

## COUNT TWO
## VIOLATION OF 29 U.S.C. §§ 207

68.     Paragraphs 1 through 67 are incorporated herein by this reference.

69.     Plaintiffs were employees covered by the FLSA and entitled to the overtime wage protections set forth in FLSA § 7, 29 U.S.C. § 207.

70.     Plaintiffs worked over 40 hours in certain workweeks in which Defendants failed to compensate Plaintiffs at an overtime rate or one and one-half (1 ½) their regular rate.

71.     Defendants willfully failed to compensate Plaintiffs at an hourly rate above or equal to the overtime wage.

72.     Plaintiffs are entitled to payment of their overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

73.     As a result of Defendants' willful underpayment of wages as alleged above, Plaintiffs are entitled to liquidated damages in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

74.     As a result of its underpayment of minimum wages as alleged above, Defendants are jointly and severally liable to Plaintiffs for their litigation costs, including their reasonable attorney's fees, in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs request that this Court:

a.     Determine that Defendants are "employers" as that term is defined under the FLSA;

b.     Award Plaintiffs an amount to be determined at trial against Defendants in unpaid minimum wages, overtime wages and unlawful deductions due under the FLSA;

c.     Award Plaintiffs liquidated damages in the same amount as their unpaid minimum wages, overtime wages and unlawful deductions;

d.     Award Plaintiffs prejudgment interest on all amounts owed;

e.     Award Plaintiffs their reasonable attorney's fees and costs of litigation; and

      f.      Award any and such other relief as is just, equitable and proper.

             ***/s/ Ainsworth G. Dudley***
             Ainsworth G. Dudley
             Georgia Bar No. 237215

4200 Northside Parkway, 1 – 200
Atlanta, Georgia 30327
Tel. 404.687.8205
Fax 404.237.2150
adudleylaw@gmail.com

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **Complaint** has been prepared with Times

New Roman, 14 point font, one of the font and point selections approved by the

Court in LR 5.1C.

*/s/ Ainsworth G. Dudley*
Ainsworth G. Dudley
Georgia Bar No. 237215

4200 Northside Parkway, 1 – 200
Atlanta, Georgia 30327
Tel. 404.687.8205
Fax 404.237.2150
adudleylaw@gmail.com

**EXHIBIT 1**



**IT IS ORDERED as set forth below:**

**Date: October 7, 2016**

_____
**James R. Sacca**
**U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| WBY, INC. a/k/a FOLLIES, | CASE NO. 16-52291-jrs |
|     Debtor. | |
| LATOYA BECTON, LATISHA BLAKE, SHANTERIA CAMERON, DONJANAE GRANT, SHELDON HAILEY, AYALLA TALLEY, KARENNA VAN HOOK, EBONY YARBROUGH, JANNA ANDERSON, NOELLE GREEN, RODRINNA BROOKS, MIKKI WILLIAMS, COURTNEY SACDALAN, DELISHA WATKINS, RAQUESHA MCLEAN, COURTNEY BRADLEY, MICHAELA HARRIS, TONI DAVIS, QUINA DOPOE, JESSICA SAUNDERS, TONISHA BAKER, JASMINE STEWART, SAMANTHA GLEN, SHANTE SYLVESTER, ASHLEY MURPHY, AYANA ROBINSON, CALESIA GODDARD, CHRISTINA CHARLES, CYDNEY BELL, CONSTANCE SMITH, COURTNEY ELLINGTON, DESIREE MCGOWAN, GRACE KING, HAILEY LYTLE, HOLLY HUTSELL, ISABEL SERRANO, JAZZLYN GRIFFIN, JESSICA ABRAHAM, JOLENE NYGUYN, KERRA MCDUFFIE, NINA KIM, PAMERIS LARA, TIFFANY CLARKE-MURPHY, VICTORIA WILLIAMS, SHANNON JACKSON, SAMANTHA SCHAFFER, and SARAH OLSHANSKY, | CONTESTED MATTER |
|        Movants, | |
| vs. | |
| WBY, INC. a/k/a FOLLIES, | |
|       Respondent. | |

## ORDER GRANTING MOTION FOR RELIEF
## FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362

This matter came before the Court pursuant to the *Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362* ("Motion") (Doc. No. 132) filed on September 27, 2016, by Latoya Becton, Latisha Blake, Shanteria Cameron, Donjanae Grant, Sheldon Hailey, Ayalla Talley, Karenna Van Hook, Ebony Yarbrough, Janna Anderson, Noelle Green, Rodrinna Brooks, Mikki Williams, Courtney Sacdalan, Delisha Watkins, Raquesha Mclean, Courtney Bradley, Michaela Harris, Toni Davis, Quina Dopoe, Jessica Saunders, Tonisha Baker, Jasmine Stewart, Samantha Glen, Shante Sylvester, Ashley Murphy, Ayana Robinson, Calesia Goddard, Christina Charles, Cydney Bell, Constance Smith, Courtney Ellington, Desiree McGowan, Grace King, Hailey Lytle, Holly Hutsell, Isabel Serrano, Jazzlyn Griffin, Jessica Abraham, Jolene Nyguyn, Kerra McDuffie, Nina Kim, Pameris Lara, Tiffany Clarke-Murphy, Victoria Williams, Shannon Jackson, Samantha Schaffer, and Sarah Olshansky (collectively, "Movants").  The Motion came before the Court on September 28, 2016.  At the hearing, Leon S. Jones and Ainsworth Dudley appeared on behalf of Movants, and Edward F. Danowitz, Jr. appeared on behalf of WBY, Inc. a/k/a Follies ("Debtor").  No party appeared in opposition.  Accordingly, it is

ORDERED, ADJUDGED AND DECREED that:

(1)     The automatic stay of 11 U.S.C. § 362 is hereby LIFTED, on a limited basis such that the Movants may file a civil action in the U.S. District Court, Northern District of Georgia, to assert claims under the Fair Labor Standards Act ("FLSA"), provided however that subsequent to the filing of such complaint (and any amended complaint), the automatic stay shall remain in effect with respect to such action except to allow such action to proceed for the purpose of the District Court determining (i) whether the Movants were employees of Debtor and, if so (ii) whether Debtor violated the FLSA, 29 U.S.C. § 201, *et seq.*, by failing to compensate Movants with wages at the minimum and overtime rates.  Debtor and Movants may file any necessary motions, including dispositive motions, conduct a trial, and proceed with discovery necessary for the purposes of determining the foregoing;

(2)     This Order is entered without prejudice to any party's right to move for relief from the automatic stay so that one or more of the Movants may liquidate the amount of damages owed, if any, by Debtor to Movants; and

(3)    IT IS FURTHER ORDERED AND ADJUDGED that this Order shall be effective instanter without the necessity of any ten day stay, all as authorized by the provisions of Federal Rule of Bankruptcy Procedure 4001(a)(3).

**[End of Order]**

Prepared by:
**JONES & WALDEN, LLC**

*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
21 Eighth Street, NE
Atlanta, Georgia 30309
(404) 564-9300
*ljones@joneswalden.com*
Attorney for Movants

*/s/ Ainsworth Dudley*
Ainsworth Dudley
Georgia Bar No. 231745
Building One, Suite 200
4200 Northside Parkway
Atlanta, Georgia 30327
(404) 687-8205
*dudleylaw@imnisp.com*
Attorney for Movants

No Opposition by:
**DANOWITZ & ASSOCIATES, P.C.**

*/s/ Edward F. Danowitz, Jr.*
Edward F. Danowitz, Jr.
(with Express Permission by Leon S. Jones)
Georgia Bar No. 003180
300 Galleria Parkway, NW, Ste. 960
Atlanta, Georgia 30339
(770) 933-0960
*Edanowitz@DanowitzLegal.com*
*Attorney for Debtor*

Distribution List

Leon S. Jones, Jones & Walden, LLC, 21 Eighth Street, NE, Atlanta, GA 30309

Ainsworth Dudley, Building One, Suite 200, 4200 Northside Parkway, Atlanta, GA 30327

Edward F. Danowitz, Danowitz & Associates, PC, 300 Galleria Pkwy, NW, Ste 960, Atlanta, GA 30339

Office of the United States Trustee, 362 Russell Federal Bldg, 75 Ted Turner Dr, SW, Atlanta, GA 30303