UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LATOYA BECTON et al.,** | |
| **Plaintiffs,** | |
| **vs.** | **CIVIL ACTION FILE** |
| | **NO.:16-CV-4003-MLB** |
| **WBY, INC. d/b/a FOLLIES et al.,** | |
| **Defendants.** | |

## STATEMENT OF MATERIAL FACTS TO WHICH NO GENUINE ISSUE REMAINS TO BE TRIED

NOW COME Plaintiffs, in accordance with Fed. R. Civ. P. 56 and Local Rule 56.1 and file their Statement of Undisputed Facts To Which No Genuine Issue Remains to be Tried. Plaintiffs rely upon the following exhibits:

1.     **Exhibit 2** is the Partial Summary Judgment Order entered by this Court in *Breezy Hurst v. WBY, Inc. d/b/a Follies, Steven Youngelson and Surrey White*, Civil Action No. 1:15-CV-03560-MLB (hereafter "PSJ Order");

2.     **Exhibit 3** is the Complaint filed in *Breezy Hurst v. WBY, Inc. d/b/a Follies, Steven Youngelson and Surrey White*, Civil Action No. 1:15-CV-03560-MLB;

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT: STATEMENT OF UNDISPUTED FACT

3.      **Exhibit 4** is the Declaration of Soraya Barker ("Barker Dec.");

4.      **Exhibit 5** consists of excerpts from the 30(b)(6) deposition of WBY, Inc. d/b/a Follies ("Follies Depo.");

5.      **Exhibit 6** consists of excerpts from Volume II of the 30(b)(6) deposition of WBY, Inc. d/b/a Follies ("Follies Depo., Vol. II"); and

6.      **Exhibit 7** consists of excerpts from the deposition of Surrey White ("White Depo.").

## MATERIAL FACTS

1.      Defendant WBY, Inc. ("Follies") owns and operates the Follies. The Follies "is a restaurant and bar in Chamblee, Georgia, where women dance in the nude to entertain men." (PSJ Order, p. 3).

2.      Defendants Steven Youngelson ("Youngelson") and Surrey White ("White") own Follies. (PSJ Order, pp. 1, 38).

3.      Plaintiffs worked at Follies as adult entertainers at various times during 2012, 2013, 2014, 2015 and 2016.  (Second Amended Complaint [Doc. 34-2], ¶¶ 8 - 50).

4.      Plaintiffs were classified by Follies as independent contractors. (Barker Dec., ¶ 5; White Depo., p. 11; Follies Depo., pp. 75 – 76; Second

Amended Complaint, Doc. 34-2, ¶¶ 8 - 50).

5.     Follies did not pay wages to Plaintiffs. (Barker Dec., ¶ 6; White Depo., p. 11; Follies Depo., p. 89; Second Amended Complaint, Doc. 34-2, ¶ 90)**.**

6.     Plaintiffs were compensated entirely by tips paid by Follies' customers directly to Plaintiffs. (Barker Dec., ¶ 6; Follies Depo., p. 89; White Depo., p. 13).

7.     Plaintiffs paid various fees and tip-outs each shift to work at Follies. (Barker Dec., ¶¶ 7, 8; Follies Depo., p. 90; White Depo., pp. 13 - 17; Follies' Depo., Vol. II, pp. 298; Second Amended Complaint [Doc. 34-2], ¶¶ 74 – 74c.).

8.     Plaintiffs were required to pay a house fee each shift. The house fee was based on the time they arrived and departed work. (Barker Dec., ¶ 7; White Depo., p. 14; Follies Depo., p. 90; Follies' Depo., Vol. II, pp. 298).

9.     On October 17, 2015, another adult entertainer employed by Follies, Breezy Hurst ("Hurst"), filed an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), captioned as *Breezy Hurst v. WBY, Inc. d/b/a Follies, Steven Youngelson and Surrey White*, Civil Action No. 1:15-CV-03560-MLB (the "Hurst Litigation"). (Hurst Complaint).

10.    Hurst worked for Follies "from around November 2010 through

April 2014." (PSJ Order, p. 4).

11.    Hurst also alleged that Defendants "misclassified her as an independent contractor rather than an employee and failed to pay her minimum wages as required by the FLSA." (PSJ Order, p. 1).

12.    In the Hurst Litigation, the parties "filed opposing motions for summary judgment as to whether [Hurst] was an employee under the FLSA and whether Defendants White and Youngelson were employers under the [FLSA]. [Hurst] also moved for summary judgment as to enterprise coverage, the creative-professional exemption to the FLSA, the offset defense, and violation of the FLSA's minimum wage provisions." (PSJ Order, p. 1).

13.    On January 28, 2019, "[t]he Court grant[ed] [Hurst's] motion and denie[d] Defendants' motion" for partial summary judgment. (PSJ Order, p. 2).

**A.    Employee Status under the FLSA.**

14.    The Court applied the six (6) factor economic realities test in the Hurst Litigation "to guide the Court's analysis of economic dependence" to determine if Hurst was an employee under the FLSA. (PSJ Order, p.  6).

15    Applying the first factor – the degree of control exercised by Follies as to Hurst's work - the Court found that "[t]he undisputed facts of this case show

that Defendants exerted significant control over how [Hurst] sold her services at the [Follies]." (PSJ Order, p. 20).

16.    The Court found the second factor – the putative employee's opportunity for profit or loss depending on her managerial skill – also "point[ed] towards an employee-employer relationship." (PSJ Order, p. 21).

17.    The Court found "as nearly every other court has found – that the third factor [the relative investment of the parties] points towards an employee-employer relationship." (PSJ Order, p. 27).

18.    Moving on to the fourth factor, the Court found that the adult entertainer position at Follies "requires no special skill," and "weighs in favor of any employee-employer relationship." (PSJ Order, p. 28).

19.    The Court found that the fifth prong, the permanency of the purported employment, "though given comparatively less weight [in the adult entertainer context], still weighs in favor of finding an employee-employer relationship." (PSJ Order, p. 30).

20.    Finally, the Court found that the sixth factor – the extent to which the service rendered is integral to the purported employer's business – weighs in favor of an employer-employee relationship." (PSJ Order, p. 30).

21.    The Court noted that "every factor points towards an employee-employer relationship." (*Id*.).

22.    "Furthermore, when considered together, the conditions under which Plaintiff performed show that Plaintiff depended economically on Defendants. This economic dependence – as well as the other facts discussed [in the PSJ Order] – leads the Court to conclude that [Hurst] was an employee entitled to protections of the FLSA." (PSJ Order, p. 33).

**B.    The Status of Follies, Youngelson and White as Employers Under the FLSA.**

23.    After examining the role of Youngelson and White in the operation of Follies, and their role in causing the FLSA violation, the Court found that "White and Youngelson were employers along with [Follies]." (PSJ Order, p. 33).

24.    White and Youngelson were joint employers in part because they "decided not to classify Plaintiff as an employee and pay her a wage." (PSJ Order, p. 35).

25.    White and Youngelson were also joint employers because they "decided [Follies] would treat [Hurst] (and presumably all other dancers) as an independent contractor – the decision that violated the FLSA." (PSJ Order, p. 35).

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT: STATEMENT OF UNDISPUTED FACT

26.    Moreover, White and Youngelson "were sufficiently involved in the business [of Follies] and its day-to-day operations to be considered [Hurst's] employer." (PSJ Order, pp. 35-36).

27.    Youngelson and White maintained "active oversight" of Follies' operations. (PSJ Order, p. 36).

28.    "The level of control exerted over [Follies'] business [exercised by White and Youngelson] supports the finding that both [of them] were employers as defined under the [FLSA]." (PSJ Order, p. 37).

**C.    Enterprise Coverage Under the FLSA.**

29.    "[T]he Court rules that [Follies] is an enterprise under the FLSA" for the calendar years 2012, 2013 and 2014. (PSJ Order, p. 44).

30.    In 2015 and 2016 Follies was also an enterprise engaged in commerce within the meaning of the FLSA. (Second Amended Complaint [Doc. 34-2] ¶¶ 54 - 57).

**D.    Professional Exemption Under the FLSA.**

31.    The Court determined that Follies entertainers were not subject to the creative professional exemption contained in 29 U.S.C. § 213(a)(1). (PSJ Order, pp. 44 - 45).

32.     "[H]urst's] job [as an entertainer] at The Follies does not require the applicable invention, imagination, or originality, and, as a result, Plaintiff does not qualify for the 'creative professional' exception," under 29 U.S.C. § 213(a)(1) and 29 C.F.R. § 541.302(a). (PSJ Order, pp. 44 - 45).

**E.     Offset/Credit For Purported Service Charges.**

33.     The Court determined that the dance fees paid by customers to Follies' entertainers "were tips, not service charges," because Follies (i) failed to record any of the payments, and (ii) Follies did not distribute the fees to the entertainers. (PSJ Order, p. 46).

34.     Follies still maintains no records of dance fees paid by customers to Follies' entertainers, does not include entertainer dance fees in its gross receipts and does not distribute dance fees to entertainers. (White Depo., pp. 13,14; Follies Depo., p. 90; Follies' Depo.,  Vol. II, pp. 295, 296).

34.     The Court found that "Defendants are not entitled to offset their minimum wage responsibilities with the tips that Hurst received." (PSJ Order, p. 46).

**F.     Wages.**

36.     The Court determined that Follies did not pay its entertainers wages

within the meaning of the FLSA.  (PSJ Order, p. 47).

### G.    House Fees.

37.    "[Hurst] was required to  . . . pay a 'house fee'" each shift. (PSJ
Order, p. 9; p. 13). "The [amount of] house fees depended on two things – when
dancers got to the club and when entertainers left the club." (PSJ Order, p. 16).

38.    After the end of Hurst's employment, Follies has continued to
require its entertainers to pay a house fee each shift. (Barker Dec., ¶ 7; White
Depo., p. 14; Follies Depo., p. 90; Follies Depo., Vol. II, pp. 298).

### H.    Follies' Post Hurst Litigation FLSA Practices.

39.    Follies' classification of entertainers and policies and practices
regarding entertainer tip-out and fees and compensation have not changed in any
significant way from 2012 – present. (Barker Dec., ¶¶ 3 – 9; White Depo., pp. 13 -
17; Follies Depo., pp. 75, 76, 89, 90; Follies Depo., Vol. II, pp. 298).

39.    Since April of 2014, Follies has continued to classify its entertainers
as independent contractors. (Barker Dec., ¶ 5; White Depo., p. 11; Follies Depo.,
pp. 75 – 76)

40.    Since April of 2014, Follies has not paid wages to its entertainers.
(Barker Dec., ¶ 6; White Depo., p. 11; Follies Depo., p. 89; Second Amended

Complaint, Doc. 34-2, ¶ 90)**.**

41.    Since April 2014, Follies entertainers have been compensated only by tips paid by Follies' customers directly to the entertainer. (Barker Dec., ¶ 6; Follies Depo., p. 89; White Depo., p. 13).

42.    Since April of 2014, Follies has continued to require its entertainers to pay a house fee, and other fees and tip-outs each shift. (Barker Dec., ¶¶ 7, 8; Follies Depo., p. 90; White Depo., pp. 13 - 17; Follies Depo., Vol. II, pp. 298).

43.    Since April of 2014, Follies has not kept records of the dance fees paid by Follies customers to Plaintiffs, continues to exclude records of dance fees from Follies' gross receipts and Follies does not distribute dance fees to Plaintiffs. (Follies Depo., Vol. II, pp. 295 – 296; White Depo., pp. 13,14; Follies Depo., p. 90).

DUDLEY LAW LLC:

*/s/ Ainsworth G. Dudley*
Ainsworth G. Dudley
Georgia Bar No. 231745
4200 Northside Pkwy NW
Bldg. One, Suite 200
Atlanta, GA 30327-3007
(404) 687-8205
adudleylaw@gmail.com

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT: STATEMENT OF UNDISPUTED FACT

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT: STATEMENT OF UNDISPUTED FACT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the attached document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record for Defendant.

DATED: September 8, 2019.

DUDLEY LAW LLC:

*/s/ Ainsworth G. Dudley*
Ainsworth G. Dudley
Georgia Bar No. 231745
4200 Northside Pkwy NW
Bldg. One, Suite 200
Atlanta, GA 30327-3007
(404) 687-8205

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT: STATEMENT OF UNDISPUTED FACT

## <u>CERTIFICATE OF  COMPLIANCE</u>

This is to certify that the foregoing has been prepared using Times New Roman 14 point font and is double-spaced.

DATED: September 8, 2019.

DUDLEY LAW LLC:

*/s/ Ainsworth G. Dudley*
Ainsworth G. Dudley
Georgia Bar No. 231745
4200 Northside Pkwy NW
Bldg. One, Suite 200
Atlanta, GA 30327-3007
(404) 687-8205
adudleylaw@gmail.com

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT: STATEMENT OF UNDISPUTED FACT