# EXHIBIT C

Page 1

1    IN THE UNITED STATES BANKRUPTCY COURT
     FOR THE NORTHERN DISTRICT OF GEORGIA
2              ATLANTA DIVISION
3
4    In re:
                              CASE NO.16-52291-JRS
5    WBY, INC., d/b/a FOLLIES,
                              CHAPTER 11
6         Debtor,
7
8
9              DEPOSITION OF
10             CALESIA GODDARD
11            December 19, 2017
12               12:15 p.m.
13         G. Roger Land & Associates
14          4200 Northside Parkway
15         Building One, Suite 200
16            Atlanta, Georgia
17   Robyn Bosworth, RPR, CRR, CRC, CCR-B-2138
18
19
20
21
22
23
24
25

Page 2

1    INDEX TO EXHIBITS
2  EXHIBIT   DESCRIPTION                           PAGE
3  Exhibit 3   Debtor's Disclosure Statement         47
4  Exhibit 4   Ballot for Accepting or Rejecting
5              the Debtor's Plan of Reorganization  36
6  Exhibit 15  Debtor's First Amended Plan of
7              Reorganization                        58
8  Exhibit 17  Notice of Deposition of Calesia
9              Goddard                              10
10 Exhibit 47  Proof of Claim                        27
11
12
13
14          INDEX TO EXAMINATION              PAGE
15 By Ms. Hughes                               5
16 By Ms. Mason                               64
17
18
19
20
21
22
23
24
25

Page 3

1  APPEARANCES OF COUNSEL:
2  On behalf of the Deponent:
3       AINSWORTH G. DUDLEY, JR., ESQ.
4       Building One, Suite 200
5       4200 Northside Parkway
6       Atlanta, Georgia  30327
7  -and-
8       LEON S. JONES, ESQ.
9       Jones & Walden, LLC
10      21 Eighth Street, N.E.
11      Atlanta, Georgia  30309
12
13 On behalf of Steven Youngelson and Surrey White:
14      LAURA UBERTI HUGHES, ESQ.
15      Bryan Cave
16      One Metropolitan Square
17      211 North Broadway
18      Suite 3600
19      St. Louis, Missouri  63102
20 -and-
21      JASON J. DEJONKER, ESQ.
22      Bryan Cave
23      161 North Clark Street
24      Suite 4300
25      Chicago, Illinois  60601

Page 4

1  APPEARANCES (Continued):
2  On behalf of WBY, Inc., d/b/a Follies, Steven
3  Youngelson, and Surrey White:
4       ERICA V. MASON, ESQ.
5       Constangy, Brooks, Smith & Prophete, LLP
6       230 Peachtree Street, N.W.
7       Suite 2400
8       Atlanta, Georgia  30303
9
10        (Pursuant to Article 10(B) of the Rules
11 and Regulations of the Georgia Board of Court
12 Reporting, a written disclosure statement was
13 submitted by the court reporter to all counsel
14 present at the proceeding.)
15
16
17
18
19
20
21
22
23
24
25

Page 5

1           CALESIA GODDARD,
2  having been first duly sworn, was examined and
3  testified as follows:
4              EXAMINATION
5  BY MS. HUGHES:
6     Q   My name is Laura Hughes.  We are here
7  today to take your deposition pursuant to Federal
8  Rule of Civil Procedure 30 made applicable to this
9  proceeding by Bankruptcy Rule 7030.
10        Have you ever been deposed before?
11    A   Sorry?
12    Q   Have you ever been deposed before?
13    A   No.
14    Q   Okay.  So the rules are that I'm going to
15 ask you questions.  Your testimony is under oath, so
16 it's the same as if you were in court.  And if you
17 could please answer questions with a yes or a no
18 because the court reporter is writing down what we
19 say.
20    A   Okay.
21    Q   So if you shake your head or say uh-huh,
22 it doesn't come off very well in the transcript.
23    A   Okay.
24    Q   Also, we're supposed to let each other
25 finish talking, which is a little unnatural, but

Page 10

1   A   At the moment just Instagram. I just got
2   back Facebook only for real estate purposes.
3   Q   Okay. So you haven't post -- have you
4   ever posted anything on social media about the
5   bankruptcy case?
6   A   No.
7   Q   Okay. There is a binder in front of you,
8   and if you'd turn to tab 17.
9       (Exhibit 17 marked.)
10  BY MS. HUGHES:
11  Q   Are you with me?
12  A   Yes.
13  Q   Have you ever seen this document before?
14  A   I can't recall.
15  Q   Okay. How did you know you needed to be
16  here today?
17  A   I was asked by my lawyer.
18      MR. DUDLEY: Objection, attorney-client.
19  She doesn't need to be talking about any
20  communications with me or counsel.
21      MS. HUGHES: That's not what I asked, but
22  okay, we can move on.
23      MR. DUDLEY: Well, that's what she was
24  about to answer, so I need to put that objection on
25  the record.

Page 11

1       MS. HUGHES: Okay.
2   BY MS. HUGHES:
3   Q   What did you do to prepare for this
4   deposition?
5   A   Nothing.
6   Q   Okay. Did you review any documents?
7   A   No.
8   Q   Other than your lawyer, did you talk to
9   anybody about the deposition today?
10  A   No.
11  Q   Okay. You didn't send anybody any text
12  messages about it?
13  A   No.
14  Q   E-mail, instant message?
15  A   No.
16  Q   Without telling me anything you talked
17  about, did you talk to your lawyer today about this
18  deposition? I'm sorry, your lawyer who's here
19  today, did you talk to him about your deposition?
20  A   I talked to my lawyer today about coming
21  to the office.
22      MS. MASON: I just don't want her to go --
23      MS. HUGHES: Yeah.
24      MS. MASON: It's just a yes or no but not
25  what because we don't want you to get into your

Page 12

1   privileged --
2       THE WITNESS: Okay, yes.
3       MS. MASON: -- the substance of what you
4   guys talked about.
5       THE WITNESS: Okay, yes.
6   BY MS. HUGHES:
7   Q   Okay. Was anybody else present when you
8   talked to him?
9   A   No.
10  Q   Are you familiar with Follies?
11  A   Yes.
12  Q   I call it -- do you call it The Follies?
13  A   No, Follies.
14  Q   Okay. What is your connection with
15  Follies?
16  A   Was connection? I used to work there.
17  Q   Okay. And you don't work there anymore?
18  A   No.
19  Q   When you signed up to work there, did you
20  sign a contract?
21      MR. DUDLEY: Again, let's make sure we
22  understand. I thought you were taking a deposition
23  here today limiting the scope of the inquiry into
24  the motion to modify and not the cause of action,
25  and I don't want to get into that.

Page 13

1       I don't mind giving you the foundational
2   allowing you to ask the stuff you need, but I don't
3   know how that would be part of that, that question.
4       MS. HUGHES: Okay. I disagree. I think
5   this establishes her connection to the place, and so
6   I think that it's entirely proper, but --
7       MR. DUDLEY: We will stipulate she worked
8   at Follies. Everyone knows that happened. That's
9   not an issue in the case.
10      MR. JONES: That's already been asked and
11  answered as well.
12      MS. MASON: Okay. There's actually a
13  number of questions about some of the claimants and
14  whether they ever worked at Follies, so that is a
15  legitimate question for her to ask, and I'm speaking
16  on behalf of the district court counsel in this
17  case.
18      MR. JONES: That's not an appropriate
19  question for this exam because the purpose of this
20  exam is limited to the scope of whether or not her
21  claim should be estimated, and the plan provides if
22  she's got a claim she's got to be paid.
23      MR. DEJONKER: Actually, I disagree with
24  that. The scope of this deposition has nothing to
25  do with motion to estimate. It does have to do with

```
 1              UNITED STATES BANKRUPTCY COURT
                NORTHERN DISTRICT OF GEORGIA
 2                    ATLANTA DIVISION

 3

 4   WBY, INC.,                    )
                                   )
 5             Objector,            )
                                   )
 6        vs.                      ) CASE NO. 16-52291-JRS
                                   )
 7   SORAYA BARKER,                )
                                   )
 8             Claimant.           )

 9

10

11

12

13

14

15             DEPOSITION OF SORAYA BARKER

16                  ATLANTA, GEORGIA

17              THURSDAY, APRIL 18, 2019

18

19

20

21

22

23   REPORTED BY:  TANYA L. VERHOVEN-PAGE,
                   CCR-B-1790
24

25   FILE NO.  209
```



```
 1                    April 18, 2019

 2                      11:38 a.m.

 3

 4                   Deposition of

 5   SORAYA BARKER, held at the offices

 6   of Ainsworth G. Dudley, 4200 Northside Parkway,

 7   Atlanta, Georgia before Tanya L. Verhoven-Page,

 8   Certified Court Reporter and Notary Public of

 9   the State of Georgia.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```



```
 1                    APPEARANCES OF COUNSEL

 2
      On behalf of the Claimant:
 3
              AINSWORTH G. DUDLEY
 4            4200 Northside Parkway
              Suite 200
 5            Atlanta, Georgia 30327
              (404) 687-8205
 6            BY:  AINSWORTH G. DUDLEY, ESQ.


 7


 8


 9    On behalf of the Objector:

10            CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
              230 Peachtree Street, N.W.
11            Suite 2400
              Atlanta, Georgia 30303-1557
12            (404) 525-8622
              (404) 525-6955
13            BY:  ERICA V. MASON, ESQ.
                   e-mail: emason@constangy.com
14

15

16                        -    -    -

17

18

19

20

21

22

23

24

25
```



```
 1                          I N D E X

 2

 3               WITNESS:  SORAYA BARKER

 4

 5     Examination                                        Page

 6   BY MS. MASON                                           7
     BY MR. DUDLEY                                        205
 7   BY MS. MASON                                         210

 8

 9

10                         EXHIBITS:

11     Barker
       Exhibit           Description                      Page
12

13   Exhibit 1         Contract for Services               72

14   Exhibit 2         Spreadsheet                        150

15

16

17

18

19

20

21

22

23

24

25
```



```
 1              ATLANTA, GEORGIA; THURSDAY, APRIL 18, 2019

 2                          11:38 A.M.

 3

 4      Thereupon --

 5                     SORAYA BARKER,

 6      called as a witness, having been first duly sworn,

 7      was examined and testified as follows:

 8

 9                       EXAMINATION

10   BY MS. MASON:

11      Q    Ms. Barker, my name is Erica Mason.

12   Again, I know you sat through a few of these the

13   other day, so you kind of know what to expect.

14             So just to remind you of a few things.

15   Despite me and Ainsworth's inability to not interrupt

16   each other, I will try not to interrupt you, and I

17   ask that you try to let me get my full questions out

18   so that she has a clear record of what I've asked you

19   and then what your responses are.  Okay?

20      A    Okay.

21      Q    Second thing, uh-huh and uh-uh are

22   indistinguishable on the transcript.  So if you say

23   uh-huh or uh-uh, I might say is that a yes or a no.

24   I'm not trying to get you to change your testimony.

25   I'm just trying to get you to clarify for the record.
```



```
 1      Q      And did you authorize anyone to do that
 2   for you?
 3              MR. DUDLEY:  Objection.  I want
 4   you, again, not to talk about anything
 5   that you authorized your attorneys --
 6              MS. MASON:  I'm not asking what she
 7   authorized.  I'm saying did she authorize
 8   anyone.
 9              MR. DUDLEY:  She's not going to
10   answer.
11              MS. MASON:  She's allowed to answer
12   that.
13              MR. DUDLEY:  Listen.
14              MS. MASON:  Yes, she is.
15              MR. DUDLEY:  You and I can argue
16   about this and you can argue with the
17   judge if you feel like she should answer,
18   but I'm going to tell you we're not going
19   to get into anything other than what's
20   relevant to claims estimation.
21              MS. MASON:  The fact that she
22   authorized someone is privileged?
23              MR. DUDLEY:  If you want to ask her
24   about the amounts on the proof of claim,
25   you're welcome to do that, but I'm not
```

