## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **LATOYA BECTON et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **v.** | ) | |
| | ) | **NO. 1:16-CV-4003-MLB** |
| **WBY, INC. d/b/a FOLLIES et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' RULE 56.1(B) STATEMENT OF MATERIAL FACTS

Pursuant to Local Rule 56.1, Defendants WBY, Inc. ("WBY" or "Follies"), Steven M. Youngelson, and Surrey White (collectively, "Defendants"), submit the following responses to Plaintiffs' Rule 56.1(B) Statement of Material Facts ("PSMF")(Dkt. 41-1). Defendants' specific objections and rebuttal evidence offered in response to each of Plaintiffs' statement of material facts are listed below:

1.      Defendant WBY, Inc. ("Follies") owns and operates the Follies. The Follies "is a restaurant and bar in Chamblee, Georgia, where women dance in the nude to entertain men." (PSJ Order, p. 3).

**DEFENDANTS' RESPONSE:**   Defendants do not dispute that WBY, Inc. owns and operates the Follies. However, Defendants dispute that the Follies is a bar/restaurant that exists solely for the purpose of having nude female dancers to entertain men. [See 30(b)(6) Deposition of WBY, Inc. by Steven Shine, taken February 16, 2017, hereinafter "30(b)(6) Dep.", 20:5-6, excerpts attached as Ex. A; Deposition of Steven Youngelson, taken February 17, 2017, hereinafter "Youngelson Dep.", 14:18-20., excerpts attached as Ex. B]

2.     Defendants Steven Youngelson ("Youngelson") and Surrey White ("White") own Follies. (PSJ Order, pp. 1, 38).

**DEFENDANTS' RESPONSE:**  Undisputed.

3.     Plaintiffs worked at Follies as adult entertainers at various times during 2012, 2013, 2014, 2015 and 2016. (Second Amended Complaint [Doc. 34-2], ¶¶ 8 - 50).

**DEFENDANTS' RESPONSE:**  Defendants dispute and object to PSMF No. 3 based on relevance. Plaintiffs' Complaint was filed in October 2016. Therefore, the recovery period for this action is October 2014 through October 2016, unless this Court makes a finding of willfulness, in which case, the recovery period will extend back to October 2013. Thus, the period between January 2012

and October 2013 is outside the relevant time period. In addition, there is no evidence proving that each plaintiff worked in the above-stated years. Plaintiffs' own record citation is to the allegations in their Second Amended Complaint, a filing filled with numerous self-serving and conclusory allegations which are not supported by the record evidence, and is the target of Defendant's pending Motion to Dismiss and Plaintiffs' pending Motion to Amend Complaint. (See Dkts. 32, 34 - 36.). Because discovery has not commenced yet, Defendants lack sufficient knowledge to admit or deny PSMF No. 3 as to the relevant period of time. Therefore, Defendants move pursuant to Federal Rule 56(d) to defer ruling on summary judgment until Defendants are able to undertake this discovery.

4.     Plaintiffs were classified by Follies as independent contractors. (Barker Dec., ¶ 5; White Depo., p. 11; Follies Depo., pp. 75 – 76; Second Amended Complaint, Doc. 34-2, ¶¶ 8 - 50).

**DEFENDANTS' RESPONSE:** Undisputed.

5.      Follies did not pay wages to Plaintiffs. (Barker Dec., ¶ 6; White Depo., p. 11; Follies Depo., p. 89; Second Amended Complaint, Doc. 34-2, ¶ 90).

**DEFENDANTS' RESPONSE:**  Undisputed, but misleading to the extent PSMF No. 5 insinuates that the entertainers were not well-compensated or failed to

receive income during the hours they chose to perform there. In fact, many of the Plaintiffs testified in bankruptcy estimation depositions or hearings that they took home as much as $300 to several thousand dollars each night that they performed, even after paying any house fees or tip-outs. [See Sacdalan Dep. 68:21-69:11, 78:5-82:5 excerpts attached as Ex. C; Bell Dep. 87:3-12, excerpts attached as Ex. D; Yarbrough Dep. 200:19-22, 205:25-206:10, excerpts attached as Ex. E; Cameron Dep. 25:9-11, 28:11-15, 43:19-45:2, excerpts attached as Ex. F; Williams Dep. 27:24-29:24, excerpts attached as Ex. G; Brooks Dep. 59:6-60:10, excerpts attached as Ex. H; Barker Dep. 30:17-32:18, 202:2-17, excerpts attached as Ex. I; Davis 76:6-11, excerpts attached as Ex. J; Hurst Dep. 200:10-201:15, excerpts attached as Ex. K.] And they may have not paid taxes on those amounts and/or deducted from their taxes the house fees and tip-outs that they now seek to recover from Defendants, as well as all of the "tools of the trade" that they purchased as independent contractors. [See Sacdalan Dep. 64:3-5; Bell Dep. 20:8-10; Yarbrough Dep. 151:18-152:25, 182:23-25; Cameron Dep. 27:17-18; Barker Dep. 41:5-11; Davis Dep. 66:9-68:17, 70:15-71:19; Hurst Dep. 173:25-174:11.] However, Because discovery has not yet commenced, Defendants are unable to determine Plaintiffs' actual earnings, and thus have insufficient knowledge to fully admit or

deny PSMF No. 5. Therefore, Defendants move pursuant to Federal Rule 56(d) to defer ruling on summary judgment until Defendants are able to undertake this discovery.

6.     Plaintiffs were compensated entirely by tips paid by Follies' customers directly to Plaintiffs. (Barker Dec., ¶ 6; Follies Depo., p. 89; White Depo., p. 13).

**DEFENDANTS' RESPONSE:**  Disputed. Plaintiffs were compensated well in excess of the federal minimum wage, for the hours that they chose to perform at Follies, and that this compensation was made up of tips, dance performance fees, and VIP performance fees. [See Sacdalan Dep. 23:16-25, King Dep. 46:6-22, excerpts attached as Ex. L.]

7.     Plaintiffs paid various fees and tip-outs each shift to work at Follies. (Barker Dec., ¶¶ 7, 8; Follies Depo., p. 90; White Depo., pp. 13 - 17; Follies' Depo., Vol. II, pp. 298; Second Amended Complaint [Doc. 34-2], ¶¶ 74 – 74c.).

**DEFENDANTS' RESPONSE:** Disputed. Plaintiffs fail to cite to record evidence that each of them paid fees and tips or performed at Follies during the relevant time period other than the cite to the Declaration of Soraya Barker (not a litigant in this case) and the self-serving, conclusory allegations in their Second

Amended Complaint. PSMF No. 7 is further disputed to the extent that Plaintiffs seek to insinuate that tip-outs or "fees" (as other Plaintiffs, including Hurst, have defined tip-outs to the DJ and House Moms) are mandatory. This Court determined that, based on the evidence presented in *Brezzy Hurst v. Steven Youngelson, et. al*, No.1:15-cv-03560-MLB, "a genuine issue of fact exists as to whether tipping was mandatory or simply customary." (See Hurst Order on Partial Summary Judgment, at p. 12 (Dkt. 41-2)("PSJ Order")).

8.     Plaintiffs were required to pay a house fee each shift. The house fee was based on the time they arrived and departed work. (See Barker Dec., ¶ 7; White Depo., p. 14; Follies Depo., p. 90; Follies' Depo., Vol. II, pp. 298).

**DEFENDANTS' RESPONSE:**  Undisputed that entertainers pay house fees upon arrival and not from any tips or wages earned during the period of time that they perform each date, and for clarification, the house fees charged were based on the time slot an entertainer chose to perform—with the more expensive fees reflecting a more competitive time block. (See 30(b)(6) Dep. at 44:9-25; 74:10-19; 75:9-13; 81:14-17.)

9.     On October 17, 2015, another adult entertainer employed by Follies, Breezy Hurst ("Hurst"), filed an action under the Fair Labor Standards Act, 29

6

U.S.C. § 201 et seq. ("FLSA"), captioned as Breezy Hurst v. WBY, Inc. d/b/a Follies, Steven Youngelson and Surrey White, Civil Action No. 1:15-CV-03560-MLB (the "Hurst Litigation"). (Hurst Complaint).

**DEFENDANTS' RESPONSE:** Undisputed but for clarification the spelling of Ms. Hurst's first name and the filing date are incorrect. The Hurst Complaint was filed on October 7, 2015. *See generally docket for Brezzy Hurst v. WBY, Inc. d/b/a Follies, Steven Youngelson and Surrey White*, Civil Action No. 1:15-CV-03560-MLB.

10.    Hurst worked for Follies "from around November 2010 through April 2014." (PSJ Order, p. 4).

**DEFENDANTS' RESPONSE:**  Disputed. The Court's Order in *Hurst* acknowledged an issue for the jury regarding the times Plaintiff Hurst worked at Follies. (See Hurst PSJ Order at p. 49)("…Plaintiff can reasonably show that Defendants did not compensate her under the FLSA. A jury must now determine how many hours Defendants did not pay Plaintiff.")

11.    Hurst also alleged that Defendants "misclassified her as an independent contractor rather than an employee and failed to pay her minimum wages as required by the FLSA." (PSJ Order, p. 1).

7

**DEFENDANTS' RESPONSE:** Undisputed.

12.     In the Hurst Litigation, the parties "filed opposing motions for summary judgment as to whether [Hurst] was an employee under the FLSA and whether Defendants White and Youngelson were employers under the [FLSA]. [Hurst] also moved for summary judgment as to enterprise coverage, the creative-professional exemption to the FLSA, the offset defense, and violation of the FLSA's minimum wage provisions." (PSJ Order, p. 1).

**DEFENDANTS' RESPONSE:** Undisputed.

13.     On January 28, 2019, "[t]he Court grant[ed] [Hurst's] motion and denie[d] Defendants' motion" for partial summary judgment. (PSJ Order, p. 2).

**DEFENDANTS' RESPONSE:** Undisputed.

**A.    Employee Status under the FLSA.**

14.     The Court applied the six (6) factor economic realities test in the Hurst Litigation "to guide the Court's analysis of economic dependence" to determine if Hurst was an employee under the FLSA. (PSJ Order, p. 6).

**DEFENDANTS' RESPONSE:**   Undisputed that the Court cited to the economic realities test, but Defendants object based on relevance. Defendants have made clear that they intend to appeal the Court's liability ruling in the *Hurst* action.

Moreover, Defendants dispute that the Court would reach the same conclusion when applying that test to the current Plaintiffs, and object to the relevance of this statement based upon same.

15.     Applying the first factor – the degree of control exercised by Follies as to Hurst's work - the Court found that "[t]he undisputed facts of this case show that Defendants exerted significant control over how [Hurst] sold her services at the [Follies]." (PSJ Order, p. 20).

**DEFENDANTS' RESPONSE:**  Defendants do not dispute that the Order says what it says, but object to PSMF No. 15 as irrelevant and immaterial to this case. This finding relied upon Plaintiff Hurst's testimony about her own experiences while performing at Follies, which may have been during a different time frame, and under different managers or other conditions, or myriad other distinguishable factors. Plaintiffs cite no record evidence demonstrating that Plaintiffs in **this** case worked at Follies under similar circumstances as Ms. Hurst. Therefore, PSMF No. 15 is neither relevant nor material to Plaintiffs' Motion for Partial Summary Judgment. In the alternative, Defendants lack sufficient information to admit or deny PSMF No. 15 because discovery has not yet commenced and Defendants lack information regarding whether the Plaintiffs

worked under similar circumstances as Ms. Hurst. For this reason, Defendants move pursuant to Federal Rule 56(d) to defer ruling on summary judgment until Defendants are able to undertake this discovery.

16.    The Court found the second factor – the putative employee's opportunity for profit or loss depending on her managerial skill – also "point[ed] towards an employee-employer relationship." (PSJ Order, p. 21).

**DEFENDANTS' RESPONSE:** Defendants do not dispute that the Order says what it says, but object to PSMF No. 16 as irrelevant and immaterial to this case. This finding relied upon Plaintiff Hurst's testimony about her own experiences while performing at Follies, which may have been during a different time frame, under managers or other different conditions, or myriad other distinguishable factors. Plaintiffs cite no record evidence demonstrating that Plaintiffs in **this** case did not control their opportunity for profit or loss. Therefore, PSMF No. 16 is neither relevant nor material to Plaintiffs' Motion for Partial Summary Judgment. In the alternative, Defendants lack sufficient information to admit or deny PSMF No. 16 because discovery has not yet commenced and Defendants lack information regarding whether the Plaintiffs

10

controlled their opportunity their opportunity for profit or loss.  For this reason, Defendants move pursuant to Federal Rule 56(d) to defer ruling on summary judgment until Defendants are able to undertake this discovery.

17.    The Court found "as nearly every other court has found – that the third factor [the relative investment of the parties] points towards an employee-employer relationship." (PSJ Order, p. 27).

**DEFENDANTS' RESPONSE:** Defendants do not dispute that the Order says what it says, but object to PSMF No. 17 as irrelevant and immaterial to this case. This dicta is not a "fact" supporting Plaintiffs Partial Motion for Summary Judgment. Plaintiffs cite no record evidence demonstrating that the relative investment of the Plaintiffs in **this** case is similar or different to the Hurst case or the cases to which the Hurst Partial Summary Judgment Order refers. Therefore, PSMF No. 17 is neither relevant nor material to Plaintiffs' Motion for Partial Summary Judgment.  In the alternative, Defendants lack sufficient information to admit or deny PSMF No. 17 because discovery has not yet commenced and Defendants lack information regarding whether the relative investment of the Plaintiffs in this case is similar or different to the *Hurst* case or the cases to which

the Hurst Partial Summary Judgment Order refers. For this reason, Defendants move pursuant to Federal Rule 56(d) to defer ruling on summary judgment until Defendants are able to undertake this discovery.

18.     Moving on to the fourth factor, the Court found that the adult entertainer position at Follies "requires no special skill," and "weighs in favor of any employee-employer relationship." (PSJ Order, p. 28).

**DEFENDANTS' RESPONSE:**  Defendants do not dispute that the Order says what it says, but object to PSMF No. 18 as irrelevant and immaterial to this case. This finding relied upon Plaintiff Hurst's testimony about her own skills, which may be different that Plaintiffs in the present case.  Plaintiffs cite no record evidence regarding their skill level, training, or other factors relevant to this inquiry. Therefore, PSMF No. 18 is neither relevant nor material to Plaintiffs' Motion for Partial Summary Judgment. In the alternative, Defendants lack sufficient information to admit or deny PSMF No. 18 because discovery has not yet commenced and Defendants lack information regarding whether the Plaintiffs' skills are similar or different to Ms. Hurst. For this reason, Defendants move pursuant to Federal Rule 56(d) to defer ruling on summary judgment until Defendants are able to undertake this discovery.

19.    The Court found that the fifth prong, the permanency of the purported employment, "though given comparatively less weight [in the adult entertainer context], still weighs in favor of finding an employee-employer relationship." (PSJ Order, p. 30).

**DEFENDANTS' RESPONSE:**  Defendants do not dispute that the Order says what it says, but object to PSMF No. 19 as irrelevant and immaterial to this case. This finding relied upon Plaintiff Hurst's testimony about her own history of performing at Follies, and the permanency or lack thereof, during her relationship with Defendant WBY. Plaintiffs cite no record evidence demonstrating that Plaintiffs in **this** case worked at Follies during the same time frame or for the same duration or frequency as Plaintiff Hurst. Some testimony obtained in the bankruptcy proceedings has demonstrated that they did not. (See April 30, 2019 Bankruptcy Hearing Transcript, 32:7-14, excerpts attached as Ex. M)(showing Plaintiff Van Hook working only three days.) Therefore, PSMF No. 19 is neither relevant nor material to Plaintiffs' Motion for Partial Summary Judgment.

20.    Finally, the Court found that the sixth factor – the extent to which the service rendered is integral to the purported employer's business – weighs in favor of an employer-employee relationship." (PSJ Order, p. 30).

**DEFENDANTS' RESPONSE:** Defendants do not dispute that the Order says what it says, but object to PSMF No. 20 as irrelevant and immaterial because this one factor alone would not tip the scales in Plaintiffs' favor on this motion since this is the only finding regarding the economic realities factors that is not likely to be modified based on the evidence in this case.

21.    The Court noted that "every factor points towards an employee-employer relationship." (*Id* .).

**DEFENDANTS' RESPONSE:** Defendants do not dispute that the Order says what it says, but object to PSMF No. 21 as irrelevant and immaterial to this case. This finding relied upon Plaintiff Hurst's testimony about her own experiences while performing at Follies, which may have been during a different time frame, under different managers or different conditions, or myriad other distinguishable factors. Plaintiffs cite no record evidence demonstrating that Plaintiffs in **this** case worked at Follies under similar circumstances as Ms. Hurst, and Defendants have not been permitted to conduct discovery into these factors at this point. Therefore, PSMF No. 21 is neither relevant nor material to Plaintiffs' Motion for Partial Summary Judgment. In the alternative, Defendants lack sufficient information to admit or deny PSMF No. 21 because discovery has not

yet commenced and Defendants lack information regarding whether the Plaintiffs in this case worked at Follies under similar circumstances as Ms. Hurst.  For this reason, Defendants move pursuant to Federal Rule 56(d) to defer ruling on summary judgment until Defendants are able to undertake this discovery.

22.    "Furthermore, when considered together, the conditions under which Plaintiff performed show that Plaintiff depended economically on Defendants. This economic dependence – as well as the other facts discussed [in the PSJ Order] – leads the Court to conclude that [Hurst] was an employee entitled to protections of the FLSA." (PSJ Order, p. 33).

**DEFENDANTS' RESPONSE:**  Defendants do not dispute that the Order says what it says, but object to PSMF No. 22 as irrelevant and immaterial to this case. This finding relied upon Plaintiff Hurst's testimony about her own experiences while performing at Follies, which may have been during a different time frame, and under different managers, different conditions, or myriad other distinguishable factors.  Plaintiffs cite no record evidence demonstrating that Plaintiffs in **this** case worked at Follies under similar circumstances as Ms. Hurst that would lead this Court to determine that they too were "economically dependent" on Defendants. On the contrary, Plaintiff Van Hook, by her own

admission, performed at other nightclubs and performed less than a handful of shifts at Follies during the entirety of the maximum possible three year recovery period, a fact that was also stipulated to by her counsel in the bankruptcy estimation trial. (<u>See</u> April 30, 2019 Bankruptcy Hearing Transcript, 32:7-14; August 28, 2019 Bankruptcy Hearing Transcript, 189:1-9, excerpts attached as Ex. N). Therefore, PSMF 22 is neither relevant nor material to Plaintiffs' Motion for Partial Summary Judgment. However, Defendants have not been permitted to fully conduct discovery into these factors at this point. Thus, Defendants lack sufficient information to admit or deny PSMF No. 22. In the alternative, Defendants move pursuant to Federal Rule 56(d) to defer ruling on summary judgment until Defendants are able to undertake this discovery.

**B. The Status of Follies, Youngelson and White as Employers Under the FLSA.**

23.     After examining the role of Youngelson and White in the operation of Follies, and their role in causing the FLSA violation, the Court found that "White and Youngelson were employers along with [Follies]." (PSJ Order, p. 33).

**DEFENDANTS' RESPONSE:**  Defendants do not dispute that the Order says what it says, but object to PSMF No. 23 as irrelevant and immaterial to this case. This finding relied upon Plaintiff Hurst's testimony about her own experiences while performing at Follies. Therefore, PSMF No. 23 is neither relevant nor material to Plaintiffs' Motion for Partial Summary Judgment. In the alternative, Defendants lack sufficient information to admit or deny PSMF No. 23 because Defendants have not been permitted to conduct discovery into what evidence these Plaintiffs have that support their claims that the individual Defendants should be classified as "employers" under the FLSA. For this reason, Defendants move pursuant to Federal Rule 56(d) to defer ruling on summary judgment until Defendants are able to undertake this discovery.

24.    White and Youngelson were joint employers in part because they "decided not to classify Plaintiff as an employee and pay her a wage." (PSJ Order, p. 35).

**DEFENDANTS' RESPONSE:**  Defendants do not dispute that the Order says what it says, but deny the applicability of such statements to the present action. Therefore, Defendants object to PSMF No. 24 as irrelevant and immaterial to this case.

25.    White and Youngelson were also joint employers because they "decided [Follies] would treat [Hurst] (and presumably all other dancers) as an independent contractor – the decision that violated the FLSA." (PSJ Order, p. 35).

**DEFENDANTS' RESPONSE:**  Defendants do not dispute that the Order says what it says, but deny the applicability of such statements to the present action. This finding relied upon evidence concerning Defendants' relationship with Plaintiff Hurst specifically. Therefore, Defendants object to PSMF No. 25 as irrelevant and immaterial to this case.

26.    Moreover, White and Youngelson "were sufficiently involved in the business [of Follies] and its day-to-day operations to be considered [Hurst's] employer." (PSJ Order, pp. 35-36).

**DEFENDANTS' RESPONSE:**  Again, Defendants do not dispute that the Order says what it says, but object to PSMF No. 26 as irrelevant and immaterial to this case because this holding relied upon evidence relevant to the time frame Ms. Hurst performed at Follies, which may have been during a different time frame, or under a different management structure, different conditions, or myriad other distinguishable factors. Plaintiffs cite no record evidence demonstrating that

Plaintiffs in **this** case worked at Follies during a time when the Individual Defendants were equally involved in the day-to-day operations during the time period that Plaintiffs performed there. Therefore, PSMF No. 26 is neither relevant nor material to Plaintiffs' Motion for Partial Summary Judgment. In the alternative, Defendants lack sufficient information to admit or deny PSMF No. 26 because discovery has not yet commenced and Defendants lack information regarding whether Plaintiffs in this case worked at Follies during a time when the Individual Defendants were equally involved in the day-to-day operations during the time period that Plaintiffs performed there. For this reason, Defendants move pursuant to Federal Rule 56(d) to defer ruling on summary judgment until Defendants are able to undertake this discovery.

27.     Youngelson and White maintained "active oversight" of Follies' operations. (PSJ Order, p. 36).

**DEFENDANTS' RESPONSE:**  Again, Defendants do not dispute that the Order says what it says, but object to PSMF No. 27 as irrelevant and immaterial to this case because this holding relied upon evidence relevant to the time frame Ms. Hurst performed at Follies, which may have been during a different time frame, or under a different management structure, different conditions, or myriad other

distinguishable factors.   Plaintiffs cite no record evidence demonstrating that Plaintiffs in **this** case worked at Follies during a time when the Individual Defendants exercised equally active oversight over Defendant WBY's operations during the time period that Plaintiffs performed there. Therefore, PSMF No. 27 is neither relevant nor material to Plaintiffs' Motion for Partial Summary Judgment. In the alternative, Defendants lack sufficient information to admit or deny PSMF No. 27 because discovery has not yet commenced and Defendants lack information regarding whether Plaintiffs in this case worked at Follies during a time when the Individual Defendants exercised equally active oversight over Defendant WBY's operations during the time period that Plaintiffs performed there. For this reason, Defendants move pursuant to Federal Rule 56(d) to defer ruling on summary judgment until Defendants are able to undertake this discovery.

28.    "The level of control exerted over [Follies'] business [exercised by White and Youngelson] supports the finding that both [of them] were employers as defined under the [FLSA]." (PSJ Order, p. 37).

**DEFENDANTS' RESPONSE:**  Defendants have insufficient knowledge to admit or deny PSMF No. 28. Because the parties did not engage in any discovery in this matter, Defendants cannot determine whether the facts

underlying the Court's finding was true during the relevant time period in this case. For this reason, Defendants move pursuant to Rule 56(d) to defer ruling on summary judgment until Defendants are able to undertake this discovery.

### C.    Enterprise Coverage Under the FLSA.

29.    "[T]he Court rules that [Follies] is an enterprise under the FLSA" for the calendar years 2012, 2013 and 2014. (PSJ Order, p. 44).

**DEFENDANTS' RESPONSE:**  Undisputed, however, this finding would not apply to Plaintiffs who only performed in 2015-2019.

30.    In 2015 and 2016 Follies was also an enterprise engaged in commerce within the meaning of the FLSA. (Second Amended Complaint [Doc. 34-2] ¶¶ 54 - 57).

**DEFENDANTS' RESPONSE:**  The self-serving legal conclusions stated as fact in Plaintiffs' pleading is the sole record cite supporting PSMF No. 30. Thus, Defendants object to PSMF 30 as unsupported by a citation to record evidence.

### D.    Professional Exemption Under the FLSA.

31.    The Court determined that Follies entertainers were not subject to the creative professional exemption contained in 29 U.S.C. § 213(a)(1). (PSJ Order, pp. 44 - 45).

**DEFENDANTS' RESPONSE:**  Disputed. This Court first acknowledged that this exemption must be applied case-by-case. [PSJ Order, p. 44.] This Court then found that "Plaintiff [Hurst] does not qualify for the 'creative professional' exception." [*Id.* at p. 45.] The Court made no finding about other entertainers at Follies, and Defendants that this holding has any applicability to the present case or any relevance to the relief Plaintiff seeks in its Motion for Summary Judgment.

32.    "[H]urst's job [as an entertainer] at The Follies does not require the applicable invention, imagination, or originality, and, as a result, Plaintiff does not qualify for the 'creative professional' exception," under 29 U.S.C. § 213(a)(1) and 29 C.F.R. § 541.302(a). (PSJ Order, pp. 44 - 45).

**DEFENDANTS' RESPONSE:**  Defendants do not dispute that the Order says what it says, but does dispute that this holding has any applicability to the present case or any relevance to the relief Plaintiff seeks in its Motion for Summary Judgment. Defendants in the Hurst action did not dispute this fact on summary judgment with respect to the issue of liability under the FLSA. This

decision was based solely upon Plaintiff Hurst's testimony about her own experiences as an entertainer at Follies, which may be different than Plaintiffs in the present case.   Plaintiffs cite no record evidence regarding the level of invention, imagination or originality employed when each of them performed. Therefore, PSMF No. 32 is neither relevant nor material to Plaintiffs' Motion for Partial Summary Judgment. In the alternative, Defendants lack sufficient information to admit or deny PSMF No. 32 because discovery has not yet commenced and Defendants lack information regarding Plaintiffs' level of invention, imagination or originality employed when each of them performed.. For this reason, Defendants move pursuant to Federal Rule 56(d) to defer ruling on summary judgment until Defendants are able to undertake this discovery.

### E.    Offset/Credit For Purported Service Charges.

33.    The Court determined that the dance fees paid by customers to Follies' entertainers "were tips, not service charges," because Follies (i) failed to record any of the payments, and (ii) Follies did not distribute the fees to the entertainers. (PSJ Order, p. 46).

**DEFENDANTS' RESPONSE:**  Defendants do not dispute that the Order says what it says, but does dispute that this holding has any applicability to the

present case or any relevance to the relief Plaintiff seeks in its Motion for Summary Judgment. Specifically, Defendants object to PSMF No. 33 on the ground that it is irrelevant and immaterial to the issue of whether Plaintiffs are entitled to collateral estoppel. This finding is neither "crucial" nor "necessary" to the ultimate issue of liability in the *Hurst action—i.e.* that Defendants misclassified Ms. Hurst and that she is owed minimum wage. As such, offensive collateral estoppel should not apply as to that issue. *See A.J. Taft Coal Co., Inc. v. Connors*, 829 F.2d 1577, 1580 (11th Cir. 1987)("[T]he prior judgment will **not** act as collateral estoppel as to the issue if the issue was not necessary to the rendering of the prior judgment, and hence [is] incidental, collateral, or immaterial to that judgment.")

34.    Follies still maintains no records of dance fees paid by customers to Follies' entertainers, does not include entertainer dance fees in its gross receipts and does not distribute dance fees to entertainers. (White Depo., pp. 13,14; Follies Depo., p. 90; Follies' Depo., Vol. II, pp. 295, 296).

**DEFENDANTS' RESPONSE:** Defendants object to PSMF No. 34 on the ground that it is irrelevant and immaterial to the issue of whether Plaintiffs are entitled to collateral estoppel. Specifically, this finding was incidental, but neither

"crucial" nor "necessary" to the ultimate issue of liability in *Hurst* action—*i.e.* that Defendants misclassified Ms. Hurst and that she is owed minimum wage. As such, offensive collateral estoppel should not apply as to that issue. *See A.J. Taft Coal Co., Inc. v. Connors*, 829 F.2d 1577, 1580 (11th Cir. 1987)("[T]he prior judgment will not act as collateral estoppel as to the issue if the issue was not necessary to the rendering of the prior judgment, and hence [is] incidental, collateral, or immaterial to that judgment.") Further, if the entertainers are actually employees, as Plaintiffs contend, then the dance fees earned are the property of WBY, and the fees that Plaintiffs receive must be deemed to be "distributed by WBY" as the entity that, according to Plaintiffs' allegations, provides the venue at which these fees are earned, maintains exclusive control over the amounts charged for fees, maintains exclusive control over customer flow and volume, and exclusively decides what portion of Plaintiffs' earnings to keep, doing so on a strictly mandatory basis. Therefore, PSMF No. 34 must be disputed or it is neither relevant nor material to Plaintiffs' Motion for Partial Summary Judgment.

34.     The Court found that "Defendants are not entitled to offset their minimum wage responsibilities with the tips that Hurst received." (PSJ Order, p. 46).[1]

**DEFENDANTS' RESPONSE:**  Defendants do not dispute that the Order says what it says, but does dispute that this holding has any applicability to the present case or any relevance to the relief Plaintiff seeks in its Motion for Summary Judgment. Defendants also object to PSMF No. 34 on the ground that it is irrelevant and immaterial to the issue of whether Plaintiffs are entitled to collateral estoppel. This finding is neither "crucial" nor "necessary" to the ultimate issue of liability in the *Hurst* action—*i.e.* that Defendants misclassified Ms. Hurst and that she is owed minimum wage. As such, offensive collateral estoppel should not apply as to that issue. *See A.J. Taft Coal Co., Inc. v. Connors*, 829 F.2d 1577, 1580 (11th Cir. 1987)("[T]he prior judgment will not act as collateral estoppel as to the issue if the issue was not necessary to the rendering of the prior judgment, and hence [is] incidental, collateral, or immaterial to that judgment.")

---

[1] Plaintiffs' Statement of Material Facts contained two paragraphs numbered No. 34, and contains no "Paragraph No. 35." For consistency purposes, Defendants will follow Plaintiffs numbering consistently throughout this responsive pleading.

50518685;1

**F. Wages.**

36.     The Court determined that Follies did not pay its entertainers wages within the meaning of the FLSA. (PSJ Order, p. 47).

**DEFENDANTS' RESPONSE:**  Defendants do not dispute that the Order says what it says, however, this Order applied only to Ms. Hurst, not Plaintiffs. Moreover, PSMF No. 36 insinuates that the entertainers were not well-compensated or failed to receive income during the hours they chose to perform there. In fact, many of the Plaintiffs in this case testified in bankruptcy estimation depositions or hearings that they took home as much as $300 to several thousand dollars each night that they performed, even after paying any house fees or tip-outs. [See Sacdalan Dep. 68:21-69:11, 78:5-82:5; Bell Dep. 87:3-12; Yarbrough Dep. 200:19-22, 205:25-206:10; Cameron Dep. 25:9-11, 28:11-15, 43:19-45:2; Williams Dep. 27:24-29:24; Brooks Dep. 59:6-60:10; Barker Dep. 30:17-32:18, 202:2-17; Davis 76:6-11; Hurst Dep. 200:10-201:15.]. And they may have not paid taxes on those amounts and/or deducted from their taxes the house fees and tip-outs that they now seek to recover from Defendants, as well as all of the "tools of the trade" that they purchased as independent contractors. [See Sacdalan Dep. 64:3-5; Bell Dep. 20:8-10; Yarbrough Dep. 151:18-152:25, 182:23-25; Cameron

Dep. 27:17-18; Barker Dep. 41:5-11; Davis Dep. 66:9-68:17, 70:15-71:19; Hurst Dep. 173:25-174:11.] However, because discovery has not yet commenced, Defendants are unable to determine Plaintiffs' actual earnings, and thus have insufficient knowledge to fully admit or deny PSMF No. 36. Therefore, Defendants move pursuant to Federal Rule 56(d) to defer ruling on summary judgment until Defendants are able to undertake this discovery.

### G.   House Fees.

37.    "[Hurst] was required to . . . pay a 'house fee'" each shift. (PSJ Order, p. 9; p. 13). "The [amount of] house fees depended on two things – when dancers got to the club and when entertainers left the club." (PSJ Order, p. 16).

**DEFENDANTS' RESPONSE:**  Defendants do not dispute that the Order says what it says, however, this Order applied only to Ms. Hurst, not Plaintiffs. Defendants dispute PMSF No. 37 to the extent that it fails to recognize that demand and business volume also impacted house fees and that the more expensive fees reflecting the time blocks more "in demand." (See 30(b)(6) Dep. at 44:9-25; 74:10-19; 75:9-13; 81:14-17.). Thus, Defendants object to PSMF No. 37 on the ground that it is misleading, irrelevant and immaterial to the issue of whether Plaintiffs are entitled to collateral estoppel. Specifically, this finding was

incidental, but was neither "crucial" nor "necessary" to the ultimate issue of liability in the *Hurst* action—*i.e.* that Defendants misclassified Ms. Hurst and that she is owed minimum wage. As such, offensive collateral estoppel should not apply as to that issue. *See A.J. Taft Coal Co., Inc. v. Connors*, 829 F.2d 1577, 1580 (11th Cir. 1987)("[T]he prior judgment will not act as collateral estoppel as to the issue if the issue was not necessary to the rendering of the prior judgment, and hence [is] incidental, collateral, or immaterial to that judgment.")

38.    After the end of Hurst's employment, Follies has continued to require its entertainers to pay a house fee each shift. (Barker Dec., ¶ 7; White Depo., p. 14; Follies Depo., p. 90; Follies Depo., Vol. II, pp. 298).

**DEFENDANTS' RESPONSE:**  Disputed that entertainers work "shifts" rather than setting their own schedule, and working as many or as few hours that they choose, as frequently or in frequently as they choose; Defendants do not dispute that Defendant WBY still charges entertainers house fees.

### H.    Follies' Post Hurst Litigation FLSA Practices.

39.    Follies' classification of entertainers and policies and practices regarding entertainer tip-out and fees and compensation have not changed in any

significant way from 2012 – present. (Barker Dec., ¶¶ 3 – 9; White Depo., pp. 13 - 17; Follies Depo., pp. 75, 76, 89, 90; Follies Depo., Vol. II, pp. 298).

**DEFENDANTS' RESPONSE:**  Defendants dispute and object to PMSF No. 39 as overly broad and vague- "policies and practices regarding entertainer tip-out and fees and compensation" could refer to any number of facts which Plaintiffs do not enumerate and therefore, Defendants cannot determine the accuracy of this statement. Moreover, Plaintiffs once again fail to cite to any testimony or evidence in this case, or about or by Plaintiffs regarding their experiences during the time that they performed at Follies. Defendants have not been permitted to conduct discovery into these factors at this point. For example, Defendants dispute that tips paid to other individuals such as DJs, house moms, and/or floor men were mandatory, Plaintiff cites to evidence to the contrary, and this Court determined a "genuine issue of fact exist[ed] as to whether tipping was mandatory or simply customary." (PSJ Order at 12.) Therefore, PSMF No. 39 is neither relevant nor material to Plaintiffs' Motion for Partial Summary Judgment as the alleged "fact" stated therein is not a "crucial" nor "necessary" fact for the Court's determination on the ultimate issue of liability. As such, offensive collateral estoppel should not apply as to that issue. *See A.J. Taft Coal Co., Inc.*

*v. Connors*, 829 F.2d 1577, 1580 (11th Cir. 1987)("[T]he prior judgment will not act as collateral estoppel as to the issue if the issue was not necessary to the rendering of the prior judgment, and hence [is] incidental, collateral, or immaterial to that judgment.")

39.    Since April of 2014, Follies has continued to classify its entertainers as independent contractors. (Barker Dec., ¶ 5; White Depo., p. 11; Follies Depo., pp. 75 – 76).[2]

**DEFENDANTS' RESPONSE:**  Undisputed.

40.    Since April of 2014, Follies has not paid wages to its entertainers. (Barker Dec., ¶ 6; White Depo., p. 11; Follies Depo., p. 89; Second Amended Complaint, Doc. 34-2, ¶ 90) .

**DEFENDANTS' RESPONSE:**  Defendants object to PSMF No. 40 to the extent it insinuates that the entertainers were not well-compensated or failed to receive income during each of the hours they chose to perform at Follies. In fact, many of the Plaintiffs in this case testified in bankruptcy estimation depositions or hearings that they took home as much as $300 to several thousand dollars each night that they performed, even after paying any house fees or tip-outs. [See

---

[2] Defendants are following Plaintiffs' numbering, which included two No. 39s.

Sacdalan Dep. 68:21-69:11, 78:5-82:5; Bell Dep. 87:3-12; Yarbrough Dep. 200:19-22, 205:25-206:10; Cameron Dep. 25:9-11, 28:11-15, 43:19-45:2; Williams Dep. 27:24-29:24; Brooks Dep. 59:6-60:10; Barker Dep. 30:17-32:18, 202:2-17; Davis 76:6-11; Hurst Dep. 200:10-201:15.] And they may have not paid taxes on those amounts and/or deducted from their taxes the house fees and tip-outs that they now seek to recover from Defendants, as well as all of the "tools of the trade" that they purchased as independent contractors. [See Sacdalan Dep. 64:3-5; Bell Dep. 20:8-10; Yarbrough Dep. 151:18-152:25, 182:23-25; Cameron Dep. 27:17-18; Barker Dep. 41:5-11; Davis Dep. 66:9-68:17, 70:15-71:19; Hurst Dep. 173:25-174:11.] Because discovery has not yet commenced, Defendants are unable to determine Plaintiffs' actual earnings, and thus have insufficient knowledge to fully admit or deny PSMF No. 40. Therefore, Defendants move pursuant to Rule 56(d) to defer ruling on summary judgment until Defendants are able to undertake this discovery.

41.    Since April 2014, Follies entertainers have been compensated only by tips paid by Follies' customers directly to the entertainer. (Barker Dec., ¶ 6; Follies Depo., p. 89; White Depo., p. 13).

**DEFENDANTS' RESPONSE:**   Disputed. Plaintiffs were compensated well in excess of the federal minimum wage, for the hours that they chose to

perform at Follies, and that this compensation was made up of tips, dance performance fees, and VIP performance fees. [Sacdalan Dep. 23:16-25, King Dep. 46:6-22.]

42.     Since April of 2014, Follies has continued to require its entertainers to pay a house fee, and other fees and tip-outs each shift. (Barker Dec., ¶¶ 7, 8; Follies Depo., p. 90; White Depo., pp. 13 - 17; Follies Depo., Vol. II, pp. 298).

**DEFENDANTS' RESPONSE:**  Disputed. Plaintiffs once again fail to cite to any testimony by their own Plaintiffs regarding their experiences during the time that they performed at Follies.  Entertainers have never been required to pay any "fees" other than house fees [see 30(b)(6) Deposition of WBY, Inc., Vol. I, taken April 11, 2019, 52:1-8, 54:16-18, 91:7-11, 221:16-222:6, excerpts attached as Ex. O; 30(b)(6) Deposition of WBY, Inc., Vol. II, taken April 15, 2019, 298:5-14, excerpts attached as Ex. P]; and Defendants dispute that tips paid to other individuals such as DJs, house moms, and/or floor men were mandatory, and this Court determined a "genuine issue of fact exist[ed] as to whether tipping was mandatory or simply customary." (PSJ Order at 12.)

43.     Since April of 2014, Follies has not kept records of the dance fees paid by Follies customers to Plaintiffs, continues to exclude records of dance fees

from Follies' gross receipts and Follies does not distribute dance fees to Plaintiffs.
(Follies Depo., Vol. II, pp. 295 – 296; White Depo., pp. 13,14; Follies Depo., p.
90).

**DEFENDANTS' RESPONSE:**  Defendants object to PSMF No. 43 on
the ground that it is irrelevant and immaterial to the issue of whether Plaintiffs are
entitled to collateral estoppel. Specifically, this finding was incidental, but neither
"crucial" nor "necessary" to the ultimate issue of liability in Hurst action—i.e.
that Defendants misclassified Ms. Hurst and that she is owed minimum wage. As
such, offensive collateral estoppel should not apply as to that issue. *See A.J. Taft
Coal Co., Inc. v. Connors*, 829 F.2d 1577, 1580 (11th Cir. 1987)("[T]he prior
judgment will not act as collateral estoppel as to the issue if the issue was not
necessary to the rendering of the prior judgment, and hence [is] incidental,
collateral, or immaterial to that judgment.") Further, if the entertainers are
actually employees, as Plaintiffs contend, then the dance fees earned are the
property of WBY, and the fees that Plaintiffs receive must be deemed to be
"distributed by WBY" as the entity that, according to Plaintiffs' allegations,
provides the venue at which these fees are earned, maintains exclusive control
over the amounts charged for fees, maintains exclusive control over customer

flow and volume, and exclusively decides what portion of Plaintiffs' earnings to keep, doing so on a strictly mandatory basis. Therefore, PSMF No. 43 must be disputed or it is neither relevant nor material to Plaintiffs' Motion for Partial Summary Judgment.

Respectfully submitted, this 17th day of October, 2019.

AKERMAN, LLP

*/s/ Erica V. Mason*
Erica V. Mason
Georgia Bar No. 141986
Ana C. Dowell
Georgia Bar No. 343780
erica.mason@akerman.com
ana.dowell@akerman.com
999 Peachtree St., NE, Suite 540 Atlanta, Georgia 30309
Telephone: 404-733-9808
Facsimile: 404-733-9908
*Counsel for Defendants*

35

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **LATOYA BECTON et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | **CIVIL ACTION FILE** |
| ) | |
| **v.** ) | **NO. 1:16-CV-4003-MLB** |
| ) | |
| **WBY, INC. d/b/a FOLLIES et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that the foregoing has been prepared using Times New Roman 14 point font, and that I have this date served a copy of the foregoing on opposing counsel by electronically filing same using the CM/ECF system which will automatically send email notification of such filing to the attorney(s) of record for Plaintiffs.

This 17th day of October, 2019.


*/s/ Erica V. Mason*
Erica V. Mason


*Counsel for Defendants*

36