# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LATOYA BECTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION |
| WBY, INC. d/b/a FOLLIES, et al., ) | NO. 1:16-CV- 4003-MLB |
| ) | |
| Defendants. ) | |

## DEFENDANTS' STATEMENT OF ADDITIONAL MATERIAL FACTS THAT PRESENT GENUINE ISSUES FOR TRIAL

Pursuant to Local Rule 56.1, Defendants WBY, Inc. ("WBY" or "Follies"), Steven M. Youngelson, and Surrey White (collective, "Defendants"), submit their Statement of Additional Material Facts for Trial , numbered consecutively with Plaintiff's Statement of Material Facts ("PSMF") for the Court's convenience and consideration in ruling on Plaintiffs' Motion for Partial Summary Judgment.

## ADDITIONAL MATERIAL FACTS

44. The first lawsuit filed against Defendants was *Journigan v. WBY Inc.*, No. 1:14-cv-00913-SCJ, and was conditionally certified as a collective action. The second and third lawsuit were *Hart v. WBY, Inc.*, No., 1:15-cv-0067 (filed in

1

January 2015; dismissed in July 2015), and *Hurst v. WBY, Inc.*, No. 1:15-cv-13560 (filed in October 2015).

45. The first lawsuit filed against Defendants was *Journigan v. WBY Inc.*, No. 1:14-cv-00913-SCJ, and was conditionally certified as a collective action. The second and third lawsuit were *Hart v. WBY, Inc.*, No., 1:15-cv-0067 (filed in January 2015; dismissed in July 2015), and *Hurst v. WBY, Inc.*, No. 1:15-cv-13560 (filed in October 2015). Out of these three lawsuits, only the *Hurst* litigation remains pending, with all but two of the *Journigan* litigants settling their claims *vis a vis* the confirmed Bankruptcy Plan in August 2016 (*see* Bankruptcy Dkt. 123). The chart attached as Exhibit A[1] demonstrates the procedural posture of the *Journigan*, *Hurst, Becton,* and *In re: WBY Bankruptcy* matters during the salient timeframe, and up to the Becton Plaintiffs filing the present action.

---

[1] All exhibits referenced herein are attached to Defendants' Response in Opposition to Plaintiff's' Motion for Partial Summary Judgment (See Dkt. 47-1 through 47-16), with the exception of Ex. D, Declaration of Erica V. Masson, filed at Dkt. 45-5).

46. Out of these three lawsuits, only the *Hurst* litigation remains pending, with all but two of the *Journigan* litigants settling their claims *vis a vis* the confirmed Bankruptcy Plan in August 2016 (*see* Bankruptcy Dkt. 123.)

47. As shown therein, the first *Becton* Proofs of Claim were filed in the bankruptcy one week after the Bankruptcy Order lifting the Stay and identifying the *Journigan* and *Hurst* FLSA actions by name. (*See* Bankruptcy Dkt. 123.)

48. Fifteen of the 44 Becton Plaintiffs, including Plaintiff Becton herself, filed proofs of claims in the Bankruptcy by May 2016, well before the Scheduling Order was entered in the *Hurst* litigation. (*See* Bankruptcy Dkt. Claims Register, Nos. 79-86.)

49. At the time the first *Becton* Claimants filed proofs of claim, they had judicial notice of both the *Hurst* and *Journigan* matters. (*Id.*)

50. The first depositions conducted in *Hurst* matter did not occur until Feb. 15-17, 2017, nearly four months after they filed their Complaint. (*See Hurst* Dkt. Nos. 77-80, 87.)

51. Plaintiffs' counsels' fee statements filed in the Bankruptcy action shows the following entries:

- May 1, 2016 (first entry on Plaintiffs' counsel's time records): "Reviewed Hurst, Payne, and Journigan complaints and files and reviewed Bankruptcy pleadings."

- September 11, 2016: Reviewed Hurst objections to settlement and telephone conference with [Hurst's counsel] re same…

- October 30, 2016: Reviewed Hurst discovery responses and documents and file.

- October 31, 2016: Reviewed Hurst and Payne District Court files to determine address for service and initial summons.

- February 16, 2017: Attempt attendance at Hurst 30(b)(6) deposition.

- February 18, 2017: Reviewed Hurst depositions.

- February 20, 2017: Reviewed Youngelson and White deposition transcripts (in Hurst).

(*See* Ex. B, Creditors' Estimation Ex. 29.)

52. Based Plaintiffs' counsel's time entries, he and counsel for Ms. Hurst coordinated efforts in pursuing their cases against Defendants. (*Id.*)

53. On October 26, 2016, the Becton Plaintiffs filed the instant action—the fourth lawsuit against Defendants—five months after initially filing their proof of claims. (Dkt. 1.)

54. In May 2017, Defendants filed a Motion to Dismiss (in part) Plaintiff's Complaint on grounds that it contained allegations of potentially time-barred

4

claims, and that the Becton Plaintiffs' theory to recover "tip-outs" was not a legally cognizable claim. (Dkt. 21.)

55. In response, the Becton Plaintiffs filed an Amended Complaint. (Dkt. 22.)

56. In June 2017, Defendants moved to dismiss the Amended Complaint in its entirety because it was devoid of key allegations such as the alleged dates of employment. (Dkt. 32.)

57. Plaintiffs then filed a Motion for Leave to file a Second Amended Complaint, (Dkt. 34), which Defendants opposed. (Dkt. 36.)

58. On January 28, 2019, this Court in Hurst granted summary judgment in favor of Ms. Hurst, primarily finding that she was an employee and owed minimum wage under the FLSA (the "PSJ Order").

59. The Court also made other findings regarding offset, FLSA enterprise coverage, and other ancillary issues. (*See generally* PSJ Order, Hurst Dkt. 110.)

60. In doing so, this Court relied on Ms. Hurst's testimony that:

- She was required to use the valet and turn over her car keys (PSJ Order, Dkt. 110, at p. 9 );

- She was required to purchase and sell drink tickets to customers (*Id.*);

- Most of her income derived from table dances (*Id.* at 10);
- She was not permitted to deviate from the minimum price set for dances (*Id.*);
- She was not free to leave Follies once she arrived to work (*Id.* at 11);
- She was required to take a breathalyzer test before being given a "See Ya Pass" to leave the club (*Id.* at 11, 13-14)
- She was charged or fined for leaving the club early (*Id.* at 9);
- Follies controlled every aspect of the facility, including the music selection (*Id.* at 22);
- Follies, not her, controlled marketing and advertising (*Id.* at 22-23);
- She did not significantly invest in her job as an entertainer in comparison to Follies' cost to operate the club (*Id.* at 23); and
- She worked 98 shifts in a six month period (*Id.* at 28-29).

61. Defendants have collected sworn statements from several entertainers in June 2015 that refute some of these key facts testified to by Ms. Hurst in the *Hurst* action, such as that entertainers: (1) were free to charge certain amounts for table and VIP dances; (2) were not required to follow any work rules set by Follies management; (3) were not fined or charged a higher house fee for

leaving the club early; (4) were allowed to pick the music at the club and otherwise controlled the manner in which they performed at Follies; (5) advertised and marketed their services on social media; and (6) worked at Follies sporadically rather than a continuous period. (*See* Ex. D, Mason Dec. ¶¶ 24-26; *see generally* Ex. H, Flournoy Dec.; Ex. I, Herbst Dec.)

62. This Court in *Hurst* did not consider testimony from the entertainers interviewed in June 2015 because these entertainers were disclosed too late in discovery. (PSJ Order, Hurst Dkt. 110, at FN 6); *see also* Defs.' Supp. Initial Disclosures Witness List, *Hurst* Dkt. 69, at pp. 12-13)

63. While Defendants and the Becton Plaintiffs awaited rulings on the pending motions, the parties were permitted to engage in limited discovery in the bankruptcy action. (*See* Ex. D, Mason Dec. at ¶ 6.)

64. However, discovery in the bankruptcy was limited to discrete issues pertaining to the Bankruptcy Proceeding, such as the estimation of value of claims, the release of claims, and/or the modification of the bankruptcy plan. (*Id.* at ¶ 6.)

65. Defendants were not permitted to ask the Becton Plaintiffs questions that related to the FLSA six-factor test without drawing an objection from

Plaintiffs' counsel. (*See* Ex. D, Mason Dec. at ¶¶ 6-7; *see also* Goddard Dep. 12:21-25, 13:1-22; Barker Dep. 62:18-20; excerpts collectively attached as Ex. C.)

66. Though these depositions were focused on bankruptcy related issues, there was testimony from some of the Becton Plaintiffs that showed Follies did not require entertainers to use valet, as Ms. Hurst had testified in the *Hurst* litigation. (*See* Ex. E, Plaintiff Sacdalan Dep. 18:17-23, Plaintiff Brooks Dep. 60:22-61:7, Plaintiff Kang Dep. 11:6-9.)

67. In addition, Defendants presented evidence during a bankruptcy hearing in May 2019 regarding the use of the breathalyzer machines at Follies. (*See* Ex. F., Excerpts of Hearing Transcript.)

68. Defendants presented this breathalyzer evidence as part of the bankruptcy hearing as to estimation of value of the claims because the *Becton* Plaintiffs and Plaintiff Barker are seeking recovery of their breathalyzer costs and are requesting that the Bankruptcy Court to include several thousand dollars in the Bankruptcy escrow for those amounts. (*See* PSJ Order, *Hurst* Dkt.110, at pp. 11, 13-14; *see also Bankruptcy*. Dkt. 633.)

69. This testimony regarding the number of breathalyzer tests administered each week was not revealed until after the PSJ Order. (*See* Ex. D, Mason Dec. at ¶ 23.)

70. Between 80 and 100 entertainers performed at Follies in any given night of the week. (PSJ Order, *Hurst* Dkt. 110, at p. 32; *see also* Ex. G, Shine Dep. 21:5-14.)

71. Follies is open seven days a week—Monday through Sunday. (*See* Ex. G, Shine Dep. at 68:7-13.)

72. Only between 160 or 250 breathalyzers tests were administered during the relevant time period. (*See* Ex. F at 163:16-164:20, 164:24-165:20, 165:21-166:10.)

73. Ms. Hurst testified in the *Hurst* action that breathalyzers were required or that breathalyzers were required in order to get a "See Ya Pass." (*See* PSJ Order, *Hurst* Dkt. 110, at pp. 11-14.)

74. Despite being in constant communication with defense counsel during the Bankruptcy Proceeding, Plaintiffs' attorney has never mentioned an intention to file a summary judgment motion based on the PSJ Order from *Hurst*. (*See* Ex. D, Mason Dec. at ¶¶ 15, 17.)

75. At least two of the Becton Plaintiffs provided testimony showing that using the parking valet was optional, and that entertainers working day shift at Follies may not even pay valet fees. (*See* Ex. E, Sacdalan Dep. at p. 18:17-23; Brooks Dep. at pp. 60:22-61:7).

76. One of the Becton Plaintiffs even testified she primarily used Uber to get to work. (*See* Ex. E, Kang Dep. at p. 11:6-9.)

77. Surrey White and Steve Youngelson recently testified to becoming less involved in the last few years. (*See* Ex. J, White Dep. 37:25-38:12, 87:16-19; Youngelson Dep. 38:9-11, 127:2-3).

78. White and Mr. Youngelson, who are both elderly, have suffered personal setbacks, (Mr. White losing his spouse), and medical setbacks, (Mr. Youngelson suffers from serious medical conditions have worsened). (Mason Dec.¶ 33.)

Respectfully submitted, this 17th day of October, 2019.

AKERMAN, LLP

*/s/ Erica V. Mason*
Erica V. Mason
Georgia Bar No. 141986
erica.mason@akerman.com

            999 Peachtree St., NE, Suite
            540 Atlanta, Georgia 30309
            Telephone: 404-733-9808
            Facsimile: 404-733-9908
            *Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LATOYA BECTON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION |
| WBY, INC. d/b/a FOLLIES, et al., | ) NO. 1:16-CV- 4003-MLB |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that the foregoing has been prepared using Times New Roman 14 point font, and that I have this date served a copy of the foregoing on opposing counsel by electronically filing same using the CM/ECF system which will automatically send email notification of such filing to the attorney(s) of record for Plaintiffs.

This 17th day of October, 2019.

AKERMAN, LLP

*/s/ Erica V. Mason*
Erica V. Mason

50428896;1
50428896;1