**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **LATOYA BECTON, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 1:16:CV-04003-MLB** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WBY, INC. a/k/a FOLLIES; STEVEN YOUNGELSON; and SURREY WHITE** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES[1]**

Defendants WBY, Inc. a/k/a Follies ("WBY" or "Follies"), Steven Youngelson ("Youngelson"), and Surrey White ("White") (hereinafter, collectively referred to as "Defendants"), by and through its undersigned, subject to and without waiving any defenses it has or may have to this action, HEREBY answer the

---

[1] Defendants admit that Defendant WBY filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code on February 5, 2015. Defendants further admit that the case was pending in the U.S. Bankruptcy Court for the Northern District of Georgia and that the Bankruptcy Court entered an order lifting the bankruptcy stay with respect to the Becton Plaintiffs. Defendants deny the remaining allegations contained in Footnote 1 of the Second Amended Complaint—in particular Plaintiffs' allegations that they "timely" filed proofs of claims for purposes of statute of limitation grounds.

numbered paragraphs of the Second Amended Complaint filed by Plaintiffs (or "Becton Plaintiffs"), and set forth their Statement of Defenses as follows:

## INTRODUCTION

1.      Defendants admit that, upon information and belief, the following Plaintiffs are current and former entertainers performing at Follies at one time or another: (1) Latoya Becton; (2) Latisha Blake; (3) Shanteria Cameron; (4) Donjanae Grant; (5) Sheldon Hailey; and (6) Ayalla Talley; (7) Karenna Van Hook; (8) Ebony Yarbrough; (9) Noelle Green; (10) Rodrinna Brooks; (11) Mikki Williams; (12) Courtney Sacdalan; (13) Toni Davis; (14) Jessica Saunders; (15) Cydney Bell; (16) Grace King; and (17) Samantha Schaffer. Defendants further admit that that they did not directly pay Plaintiffs wages, but deny that Plaintiffs did not earn well in excess of minimum wage each hour worked due to their ability to work at the Follies, as permitted by Defendant WBY. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 1 of the Second Amended Complaint and therefore deny them.

## JURISDICTION AND VENUE

2.      Defendants deny the allegations contained in Paragraph 2 of the Second Amended Complaint.

3.      Defendants deny the allegations contained in Paragraph 3 of the Second Amended Complaint.

## **PARTIES**

4.      Defendants admit that WBY is a Georgia corporation with its principal office or registered agent located in Atlanta, Georgia. Defendants deny the remaining allegations contained in Paragraph 4 of the Second Amended Complaint and therefore deny them.

5.      Defendants admit that Defendant Youngelson is an owner and officer of WBY and a resident of Fulton County, Georgia.  Defendants deny the remaining allegations contained in Paragraph 5 of the Second Amended Complaint.

6.      Defendants admit that Defendant White is an owner and officer of WBY.  Defendants deny the remaining allegations contained in Paragraph 6 of the Second Amended Complaint.

7.      Defendants admit that the allegations contained in Paragraph 7 of the Second Amended Complaint.

8.      Defendants deny the allegations contained in Paragraph 8 of the Second Amended Complaint and therefore deny them.

## FACTUAL ALLEGATIONS

9.      On information and belief, Defendants admit that Plaintiff Becton may have performed at Follies during the period alleged in Paragraph 9 of the Second Amended Complaint. Defendants deny the remaining allegations in Paragraph 9 of the Second Amended Complaint.

10.      Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Second Amended Complaint and therefore deny them.

11.      Defendants deny the allegations in Paragraph 11 of the Second Amended Complaint.

12.      Defendants deny the allegations in Paragraph 12 of the Second Amended Complaint.

13.      On information and belief, Defendants admit that Plaintiff Hailey may have performed at Follies during the period alleged in Paragraph 13 of the Second Amended Complaint. Defendants deny the remaining allegations in Paragraph 13 of the Second Amended Complaint.

14.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Second Amended Complaint and therefore deny them.

15.     Defendants deny the allegations contained in Paragraph 15 of the Second Amended Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Second Amended Complaint.

17.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of the Second Amended Complaint and therefore deny them.

18.     On information and belief, Defendants admit that Plaintiff Green may have performed at Follies during the period alleged in Paragraph 18 of the Second Amended Complaint. Defendants deny the remaining allegations in Paragraph 18 of the Second Amended Complaint.

19.     On information and belief, Defendants admit that Plaintiff Brooks may have performed at Follies during the period alleged in Paragraph 19 of the Second Amended Complaint. Defendants deny the remaining allegations in Paragraph 19 of the Second Amended Complaint.

20.    Defendants deny the allegations in Paragraph 20 of the Second Amended Complaint.

21.    On information and belief, Defendants admit that Plaintiff Sacdalan may have performed at Follies during the period alleged in Paragraph 21 of the Second Amended Complaint. Defendants deny the remaining allegations in Paragraph 21 of the Second Amended Complaint.

22.    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 22 of the Second Amended Complaint and therefore deny them.

23.    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 of the Second Amended Complaint and therefore deny them.

24.    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24 of the Second Amended Complaint and therefore deny them.

25.    Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 of the Second Amended Complaint and therefore deny them.

26.     On information and belief, Defendants admit that Plaintiff Davis may have performed at Follies during the period alleged in Paragraph 26 of the Second Amended Complaint. Defendants deny the remaining allegations in Paragraph 26 of the Second Amended Complaint.

27.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27 of the Second Amended Complaint and therefore deny them.

28.     On information and belief, Defendants admit that Plaintiff Saunders may have performed at Follies during the period alleged in Paragraph 28 of the Second Amended Complaint. Defendants deny the remaining allegations in Paragraph 28 of the Second Amended Complaint.

29.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 29 of the Second Amended Complaint and therefore deny them.

30.     On information and belief, Defendants admit that Plaintiff Stewart may have performed at Follies during the period alleged in Paragraph 30 of the Second Amended Complaint. Defendants deny the remaining allegations in Paragraph 30 of the Second Amended Complaint.

31.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 of the Second Amended Complaint and therefore deny them.

32.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 32 of the Second Amended Complaint and therefore deny them.

33.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 33 of the Second Amended Complaint and therefore deny them.

34.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 34 of the Second Amended Complaint and therefore deny them.

35.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 35 of the Second Amended Complaint and therefore deny them.

36.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 36 of the Second Amended Complaint and therefore deny them.

37.     On information and belief, Defendants admit that Plaintiff Bell may have performed at Follies during the period alleged in Paragraph 37 of the Second Amended Complaint. Defendants deny the remaining allegations in Paragraph 37 of the Second Amended Complaint.

38.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 38 of the Second Amended Complaint and therefore deny them.

39.     On information and belief, Defendants admit that Plaintiff King may have performed at Follies during the period alleged in Paragraph 39 of the Second Amended Complaint. Defendants deny the remaining allegations in Paragraph 39 of the Second Amended Complaint.

40.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 40 of the Second Amended Complaint and therefore deny them.

41.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 41 of the Second Amended Complaint and therefore deny them.

42.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 42 of the Second Amended Complaint and therefore deny them.

43.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 43 of the Second Amended Complaint and therefore deny them.

44.     On information and belief, Defendants admit that Plaintiff Abraham may have performed at Follies during the period alleged in Paragraph 44 of the Second Amended Complaint. Defendants deny the remaining allegations in Paragraph 44 of the Second Amended Complaint.

45.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 45 of the Second Amended Complaint and therefore deny them.

46.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 46 of the Second Amended Complaint and therefore deny them.

47.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 47 of the Second Amended Complaint and therefore deny them.

48.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 48 of the Second Amended Complaint and therefore deny them.

49.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 49 of the Second Amended Complaint and therefore deny them.

50.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 50 of the Second Amended Complaint and therefore deny them.

51.     Defendants admit the allegations contained in Paragraph 51 of the Second Amended Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Second Amended Complaint.

53.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 53 of the Second Amended Complaint and therefore deny them.

54.     Defendants admit the allegations in Paragraph 54 of the Second Amended Complaint.

55.     Defendants admit the allegations in Paragraph 55 of the Second Amended Complaint.

56.     Defendants admit the allegations in Paragraph 56 of the Second Amended Complaint.

57.     Defendants admit the allegations in Paragraph 57 of the Second Amended Complaint.

58.     Defendants deny the allegations in Paragraph 58 of the Second Amended Complaint.

59.     Defendants deny the allegations in Paragraph 59 of the Second Amended Complaint.

60.     Defendants deny the allegations in Paragraph 60 of the Second Amended Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Second Amended Complaint.

62.     Defendants deny the allegations in Paragraph 62 of the Second Amended Complaint.

63.     Defendants deny the allegations in Paragraph 63 of the Second Amended Complaint.

64.     Defendants deny the allegations in Paragraph 64 of the Second Amended Complaint.

65.     Defendants deny the allegations in Paragraph 65 of the Second Amended Complaint.

66.     Defendants admit that the allegations in Paragraph 66 of the Second Amended Complaint.

67.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 67 of the Second Amended Complaint and therefore deny them.

68.     Defendants deny the allegations in Paragraph 68 of the Second Amended Complaint.

69.     Defendants deny the allegations in Paragraph 69 of the Second Amended Complaint.

70.     Defendants deny the allegations in Paragraph 70 of the Second Amended Complaint.

71.     Defendants deny the allegations in Paragraph 71 of the Second Amended Complaint.

72.     Defendants deny the allegations in Paragraph 72 of the Second Amended Complaint.

73.     Defendants admits that they set minimum VIP Room prices but the Plaintiffs can set their own prices above and beyond same. Defendant denies any remaining allegations in Paragraph 73 of the Second Amended Complaint.

74.     Defendants admit that entertainers were required to pay a "house fee," the amount of which varied depending on times of day the entertainer chose to perform. Defendants deny the remaining allegations in Paragraph 74 of the Second Amended Complaint, including subparagraph 74a through 74c.

75.     Defendants deny the allegations in Paragraph 75 of the Second Amended Complaint.

76.     Defendants deny the allegations in Paragraph 76 of the Second Amended Complaint.

77.     Defendants admit that they provided the stage that entertainers were free to use or not use in their performances at the Follies. Defendants deny the remaining allegations in Paragraph 77 of the Second Amended Complaint.

78.     Defendants deny that they "provide" VIP rooms, but admit that they maintain VIP rooms in its facilities that entertainers were free to use or not use in their performances at the Follies. Defendants deny the remaining allegations in Paragraph 78 of the Second Amended Complaint.

79.     Defendants deny that they "provide" poles, but admit that they maintain poles in its facilities that entertainers were free to use or not use in their performances at the Follies. Defendants deny the remaining allegations in Paragraph 79 of the Second Amended Complaint.

80.     Defendants admit the allegations in Paragraph 80 of the Second Amended Complaint.

81.     Defendants admit the allegations in Paragraph 81 of the Second Amended Complaint.

82.     Defendants deny the allegations in Paragraph 82 of the Second Amended Complaint.

83.     Defendants deny the allegations in Paragraph 83 of the Second Amended Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Second Amended Complaint.

85.     Paragraph 85 of the Second Amended Complaint calls for a legal conclusion to which no response is required.

86.     Defendants deny the allegations in Paragraph 86 of the Second Amended Complaint.

87.     Defendants deny the allegations in Paragraph 87 of the Second Amended Complaint.

88.     Defendants deny the allegations in Paragraph 88 of the Second Amended Complaint.

89.     Defendants deny the allegations in Paragraph 89 of the Second Amended Complaint.

90.     Defendants admit that they did not directly pay Plaintiffs wages, but deny that Plaintiffs did not earn well in excess of minimum wage each hour worked

due to their ability to work at the Follies, as permitted by Defendant WBY. Defendants deny the remaining allegations in Paragraph 90 of the Second Amended Complaint.

91.     Defendants deny the allegations in Paragraph 91 of the Second Amended Complaint.

92.     Defendants deny the allegations in Paragraph 92 of the Second Amended Complaint.

93.     Defendants deny the allegations in Paragraph 93 of the Second Amended Complaint.

94.     Defendants admit the allegations in Paragraph 94 of the Second Amended Complaint.

95.     Defendants deny the allegations in Paragraph 95 of the Second Amended Complaint.

96.     Defendants deny the allegations in Paragraph 96 of the Second Amended Complaint.

## COUNT ONE
## ALLEGED VIOLATION OF 29 U.S.C. §§ 206

97.     Defendants incorporate by reference their responses to Paragraphs 1-96 of the Second Amended Complaint as if fully set forth herein.

98.    Defendants deny the allegations in Paragraph 98 of the Second Amended Complaint.

99.    Defendants admit that they did not directly pay Plaintiffs wages, but deny that Plaintiffs did not earn well in excess of minimum wage each hour worked due to their ability to work at the Follies, as permitted by Defendant WBY. Defendants deny the remaining allegations in Paragraph 99 of the Second Amended Complaint.

100.   Defendants deny the allegations in Paragraph 100 of the Second Amended Complaint.

101.   Defendants deny the allegations in Paragraph 101 of the Second Amended Complaint.

102.   Defendants deny the allegations in Paragraph 102 of the Second Amended Complaint.

103.   Defendants deny the allegations in Paragraph 103 of the Second Amended Complaint.

104.   Defendants deny the allegations contained in Paragraph 104 of the Second Amended Complaint.

105.   Defendants deny the allegations contained in Paragraph 105 of the Second Amended Complaint, which call for a legal conclusions.

106.   Defendants deny the allegations contained in Paragraph 106 of the Second Amended Complaint.

## COUNT TWO
## ALLEGED VIOLATION OF 29 U.S.C. §§ 207

107.   Defendants incorporate by reference their responses to Paragraphs 1-106 of the Second Amended Complaint as if fully set forth herein.

108.   Defendants deny the allegations contained in Paragraph 108 of the Second Amended Complaint, which call for a legal conclusions.

109.   Defendants deny the allegations contained in Paragraph 109 of the Second Amended Complaint.

110.   Defendants deny the allegations contained in Paragraph 110 of the Second Amended Complaint.

111.   Defendants deny the allegations contained in Paragraph 111 of the Second Amended Complaint.

112.   Defendants deny the allegations contained in Paragraph 112 of the Second Amended Complaint.

113.   Defendants deny the allegations contained in Paragraph 113 of the Second Amended Complaint.

114.   Defendants deny that Plaintiffs are entitled to any damages or other relief sought in any Court or in the WHEREFORE clause immediately following Paragraph 113 of the Second Amended Complaint, including subparagraphs (a) through (f).

## AFFIRMATIVE AND OTHER DEFENSES

Defendants hereby asset the following and other affirmative defenses:

1.   The Second Amended Complaint fails to state a claim for which relief can be granted.

2.   To the extent that Plaintiffs' claim is barred by the applicable statute of limitations, that claim must be dismissed.

3.   Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947 as amended, 29 U.S.C. § 255, as any violations of the Fair Labor Standards Act which may have occurred were not "willful" within the meaning of the statute.

4.   Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of three years prior to filing is barred by the statute

of limitations contained in the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 255.

5.      Plaintiffs have failed to plead a *prima facie* case arising under the FLSA.

6.      Plaintiffs' claims are barred in that she performed as an entertainer at Defendants' business establishment and entered into oral and/or written agreement with Defendants agreeing that the business relationship was not that of employer/employee.

7.      Defendants are entitled to any and all offsets and set offs permitted by law or in equity.

8.      Plaintiffs' claims are barred because Plaintiffs performed as entertainers and did so as tenants and/or independent contractors and therefore the provisions of the FLSA do not apply to Plaintiffs' claims

9.      Plaintiffs' claims are barred by the doctrine of estoppel.

10.     Plaintiffs' claims are barred as they are the first breaching party.

11.     Plaintiffs' claims are barred due to accord and/or satisfaction.

12.     Defendants invoke the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA").

13.     Plaintiffs' claims are barred to the extent they failed to mitigate their damages and/or use reasonable care to prevent damages.

14.     Plaintiffs' claims are barred to the extent they have waived their right to a reasonable recovery.

15.     Plaintiffs' claims are barred due to the doctrine of payment.

16.     Plaintiffs' claims are barred due to the *de minimus* rule.

17.     Plaintiffs' claims are barred due to the absence of an employment relationship between Plaintiffs and Defendants.

18.     Plaintiffs' claims are barred due to the artistic professional exemption or other statutory exemptions under the FLSA and/or state law.

19.     Plaintiffs' claims are barred because money collected from the sale of dances was not a tip or gratuity, but rather a mandatory service charge, and therefore may be used to offset wages claimed by Plaintiffs.

20.     Plaintiffs' claims barred as Defendants are entitled to the tip-credit provisions of the Fair Labor Standards Act.

21.     Plaintiffs' claims are barred because they consented or requested the benefit of nonemployee status.

22.    Plaintiffs' claim for minimum wage payments is barred to the extent that Plaintiffs were not "employees" under the FLSA.

23.    Plaintiffs' claim for minimum wage payments is barred to the extent that Defendants are not currently, and were not during any relevant time, an "employer" under the FLSA, with regard to Plaintiffs.

24.    At all times Defendants acted in good faith and had reasonable grounds for believing in their actions with regard to Plaintiffs were in compliance with their legal obligations.

25.    To the extent that Plaintiffs seek recovery for time which is not compensable, *i.e*, not "hours worked" under the FLSA, their claims are barred.

26.    Plaintiffs' claim are barred in whole or in part because Defendants' actions were taken in good faith and without willfulness.

27.    Plaintiffs' claims are barred by the doctrine of laches and/or waiver based upon their own course of conduct.

28.    Plaintiffs' claims are barred as Plaintiffs earned more than minimum wage, and neither the FLSA nor state law provide a remedy for the mere act of misclassification.

29.     Plaintiffs' claim are barred in that the FLSA does not apply to independent contractors and/or tenants who work for their own advantage on the premises of Defendants.

30.     Plaintiffs' claims are barred due to their own failure to conform to the obligations of employees.

31.     Plaintiffs' claims are barred to the extent that they voted to accept the Settlement Plan in the related Bankruptcy matter and received monetary compensation for the value of their proofs of claims; and therefore have no statutory or legal ability to continue to assert their FLSA claims in equity or in law.

32.     Defendants reserve the right to supplement these Affirmative Defenses and other defenses as additional information becomes known through the course of discovery.

## JURY DEMAND

Defendants demand a trial by jury of any such claim so triable in law or equity.


WHEREFORE, Defendants respectfully request that Plaintiffs' Second Amended Complaint be dismissed in its entirety with prejudice, that judgment be entered in its favor and against Plaintiffs, and that the Court award Defendants such other relief

as it deems appropriate.

Respectfully submitted, this 5th day of December, 2019.

Respectfully submitted,

AKERMAN, LLP

*/s/ Ana C. Dowell*
Erica V. Mason
Georgia Bar No. 141986
Ana C. Dowell
Georgia Bar No. 343780
erica.mason@akerman.com
ana.dowell@akerman.com
999 Peachtree St., NE, Suite 540 Atlanta,
Georgia 30309
Telephone: 404-733-9808
 Facsimile: 404-733-9908

*Counsel for Defendants*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel for Defendants certify that the pleading has been prepared in Times New Roman, 14-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of December, 2019, I electronically filed the foregoing **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to the attorney(s) of record for Plaintiffs.

AKERMAN, LLP

*/s/ Ana C. Dowell*
Erica V. Mason
Georgia Bar No. 141986
erica.mason@akerman.com
999 Peachtree St., NE, Suite 540
Atlanta, Georgia 30309
Telephone: 404-733-9808
Facsimile: 404-733-9908
*Counsel for Defendants*