**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**


Latoya Becton, et al.,

                        Plaintiffs,       Case No. 1:16-cv-04003

v.                                  Michael L. Brown
                                     United States District Judge

WBY, Inc., et al.,

                        Defendants.

_____/


## <u>ORDER</u>

Plaintiffs sued to recover minimum wages and overtime pay guaranteed by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").  Plaintiffs seek summary judgment based on collateral estoppel from a ruling the Court made in a separate case, *Hurst v. Youngelson*, 354 F. Supp. 3d 1362 (N.D. Ga. 2019).  (Dkt. 41.)  The Court denies Plaintiffs' motion.

## I.    Background

Plaintiffs are forty-four current and former entertainers at Follies Strip Club in Atlanta, Georgia.  (Dkt. 34-2 ¶ 1.)  They sue WBY, Inc., Follies' corporate entity, along with two of Follies's owners, Steven

Youngelson and Surrey White.  Plaintiffs claim Defendants misclassified them as independent contractors, and as a result, did not pay them the minimum wages or overtime pay the FLSA requires.  (*Id.*)

Other plaintiffs have also sued Follies for minimum and overtime wages.  *See Hurst v. Youngelson*, No. 1:15-cv-03560 (N.D. Ga. Oct. 7, 2015); *Smith v. WBY, Inc.*, 1:16-cv-04017 (N.D. Ga. Oct. 27, 2016); *Barker v. WBY, Inc.*, 1:18-cv-02725 (N.D. Ga. June 4, 2018).  In *Hurst v. Youngelson*, the Court addressed the same issues that Plaintiffs here raise: whether Follies misclassified an entertainer as an independent contractor and whether Follies's co-owners, Defendants White and Youngelson, are employers.  The Court found in *Hurst* that

(1) Follies, Youngelson, and White were subject to enterprise coverage;

(2) the plaintiff was an employee under the FLSA;

(3) the Follies, Youngelson, and White are joint employers within the meaning of the FLSA;

(4) the plaintiff was not exempt from the requirements of the FLSA under the creative professional exemption;

(5) the plaintiff was required to pay house fees each shift to work at Follies;

(6) the defendants violated 29 U.S.C. § 206 by not paying the prevailing minimum wage;

2

(7) the plaintiff worked for tips only; and

(8) the dance fees Follies' customers paid are not service charges and did not entitle the defendants to an offset and/or credit under the FLSA.

*Hurst*, 354 F. Supp. 3d at 1368–84.   Here, Plaintiffs seek summary judgment on these issues.   They argue collateral estoppel precludes Defendants from arguing them.   The parties have not yet begun discovery.

## II.   Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   FED. R. CIV. P. 56(a).

A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   A fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case."   *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The party moving for summary judgment bears the initial burden of showing a court, by reference to materials in the record, that there is no genuine dispute as to any material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). A moving party meets this burden merely by " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. The movant, however, need not negate the other party's claim. *Id.* at 323. In determining whether the moving party has met this burden, a court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. *Johnson v. Clifton*, 74 F.3d 1087, 1090 (11th Cir. 1996).

Once the movant has adequately supported its motion, the nonmoving party then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, there is no "genuine [dispute] for trial" when the record as a whole could not lead a rational trier of fact to find for the nonmoving party. *Id.* But "the mere existence of *some* alleged

4

factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48. The court, however, resolves all reasonable doubts in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Additionally, "[i]t is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

## III.  Discussion

Offensive, nonmutual collateral estoppel bars a defendant "from re-litigating an issue based on a decision rendered in a case in which the current plaintiffs were not involved." *See Berry v. Great Am. Dream, Inc.*, No. 1:13-cv-03297, 2014 WL 5822691, at *7 (N.D. Ga. Nov. 10, 2014). The doctrine applies "when litigant A seeks to prevent litigant B from relitigating issues that litigant B previously litigated against litigant C, not A." *Id.* (quoting *Blackburn v. Calhoun*, No. 2:07-cv-166, 2008 WL 850191, at *27 (N.D. Ala. Mar. 4, 2008), *aff'd*, 296 F. App'x 788 (11th Cir. 2008)).

For nonmutual collateral estoppel to apply, the issue must (1) be identical to the one involved in the prior litigation, (2) have been actually litigated, and (3) have been a crucial and necessary part of the judgment of the earlier action.  Also (4) "the party against whom the earlier decision is asserted must have had a full opportunity to litigate the issue in the earlier action." *RF Del., Inc. v. Pac. Keystone Tech.,* 326 F.3d 1255, 1261 (11th Cir. 2003) (internal quotation marks and citation omitted); *Berry,* 2014 WL 5822691, at *7.  Whether to apply collateral estoppel is in the district court's discretion.  *See Deweese v. Town of Palm Beach*, 688 F.2d 731 (11th Cir. 1982).

Plaintiffs claim all four elements of offensive, nonmutual collateral estoppel are present here.  Plaintiffs are correct for three of the elements.  This case and *Hurst* have the same the same Defendants — WBY, Youngelson, and White.  *See* 354 F. Supp. 3d 1362.  The issues — such as whether the plaintiff in *Hurst* was an employee and whether Defendants White and Youngelson were employers — were integral to awarding summary judgment in *Hurst*.  *See id.*  And Defendants had a fair opportunity to litigate these issues in *Hurst*.

The Court, however, finds the facts may be different in this case, leading to this case having different issues from *Hurst*. FLSA cases are fact specific and the *Hurst* order relied on factual findings. *See Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1311 (5th Cir. 1976) ("The [economic realities] test is not one which allows for a simple resolution of close cases."). As Defendants point out, the *Hurst* order relied on the undisputed material facts that the plaintiff:

 (1) had to hand over her keys;

 (2) was required to purchase and sell drink tickets;

 (3) derived her income from table dances;

 (4) could not deviate from the minimum price set for dancers;

 (5) worked ninety-eight shifts in a six-month period.

 (6) had to take a breathalyzer test to get her car keys; and

 (7) was fined for leaving the club early.

*Hurst*, 354 F. Supp. 3d at 1369–78. The Court also found (8) the club controlled every aspect of the facility, including music selection; (9) Follies controlled marketing and advertising; and (10) the plaintiff's investment was small as compared to the club's investment. *Id.*

7

The facts may be different here.  For instance, Defendants White's and Youngelson's role as employers may have changed.  Or Defendants may have exercised less control over Plaintiffs than they did over the plaintiff in *Hurst*.  The Court recognizes that many of the facts may be exactly the same.  If so, the outcome will likely be the same.  But, the facts **could** be different.  The Court thus finds collateral estoppel inappropriate and denies Plaintiffs' motion.

## IV.   Conclusion

The Court **DENIES** Plaintiffs' Motion for Partial Summary Judgment (Dkt. 41).

**SO ORDERED** this 27th day of December, 2019.

_____

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE