## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **LATOYA BECTON et al.,** | |
| **Plaintiffs,** | **CIVIL ACTION FILE NO.:** |
| | **1:16-CV-4003-MLB** |
| **vs.** | |
| **WYB, INC. D/B/A FOLLIES et al.,** | |
| **Defendants.** | |

## PLAINTIFFS' INITIAL DISCLOSURES

Plaintiffs, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rules 26.1 and 84.1, file their Initial Disclosures as follows:

(1)    State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiffs' contentions as to what defendants did or failed to do, and a succinct statement of the legal issues in the case.

A.    **Classification of Cause of Action:** This is an action brought by 44 Plaintiffs for violation of the minimum wage, overtime and tip provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., as amended by the Tip Income Protection Act, 29 U.S.C. § 203 ("FLSA"). Plaintiffs seek unpaid minimum and

1

overtime wages, the recovery of the tip credit and unlawful tips taken by Defendants, unlawful deductions from pay, liquidated damages and attorneys' fees, expenses of litigation and costs under the FLSA.

**B.     Brief Factual Outline.** The named Plaintiffs are former adult entertainers employed by Defendants at the Follies adult entertainment club in Chamblee, Georgia. Plaintiffs were (i) misclassified as independent contractors, (ii) not paid any wages under the FLSA; (iii) worked for tips only; (iv) required to pay to work.

**C.     Legal Issues.** The issues in the case include

(i)       whether Plaintiffs were employees under the FLSA;

(ii)      whether Defendants were employers/joint employers of Plaintiffs;

(iii)     whether Defendants are subject to enterprise coverage under the FLSA;

(iv)      whether Defendants are collaterally estopped from re-litigating the following issues: (a) enterprise coverage; (b) misclassification of entertainers; (c) employment status of Plaintiffs; (d) joint employment status of Defendants; (c) the applicability of the

2

professional exemptions under the FLSA; (d) whether the dance fees paid to Plaintiffs were tips; (e) whether the dance fees paid to Plaintiffs were service charges; and (f) whether the House fees, DJ fees and house mom fees were unlawful deductions under the FLSA.

(v)     whether Defendants willfully violated the FLSA;

(vi)    whether Defendants acted in subjective good faith, and, if so, whether such belief was reasonable;

(vii)   whether the statute of limitations was tolled by equitable or legal principles, including equitable estoppel;

(viii)  whether Plaintiffs were required to pay various fees and tip-outs which caused their wages to drop below the minimum and overtime wage;

(ix)    whether Defendants took Plaintiffs' tips in violation of TIPA;

(x)     the number of hours Plaintiffs worked;

(xi)    whether the time spent by Plaintiffs getting ready for work and "waiting" at work constitutes hours worked under the FLSA;

3

(xii)    whether the amounts spent by Plaintiffs to comply with Follies'
         dress and appearance rules are unlawful deductions under the
         FLSA;

(xiii)   whether the stage, tableside and VIP fees paid to Plaintiffs and the
         collective action members is a "tip" or "service" charge under the
         FLSA;

(xiv)    whether Defendants have complied with the tip credit provisions of
         the FLSA;

(xv)     whether Plaintiffs are covered by the FLSA   "professional
         exemption;"

(xvi)    whether Plaintiffs and the collective action members are covered
         by the FLSA "retail sales" overtime exemption;

(xvii)   whether Defendants' counterclaims are retaliatory under the FLSA;

(xviii)  whether Defendants have a factual or legal basis to assert the
         counterclaims;

(xix)    the amount and type of damages incurred by Plaintiffs and the
         collective action members;

4

(xx)      Attorney Erica V. Mason's qualifications to continue representing

Defendants (material witness/potential conflict);

(xxi)     Waiver      of      attorney-client      privilege      (good      faith

defense/willfulness): Ford & Harrison, LLP, Bennet Alsher, Carey

Wiggins, Constangy Brooks Smith & Prophete, LLP  and Erica

Mason, and any other attorneys from whom Defendants sought and

obtained applicable FLSA advice.

(2)      Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Plaintiffs contends are applicable to this action.

**Response**:

**A.    Plaintiffs' Status As Employees Under the FLSA.** Plaintiffs are

"employees" of Defendants – as a matter of law. *Hurst v. Youngelson et al.*, Civil

Action File No. 1:15-CV-3560-MLB, Dkt. 110 (N.D.Ga. Jan. 28, 2019); *Clincy v.

Galardi South Enter., Inc.*, 808 F. Supp. 2d 1326, 1346 (N.D. Ga. 2011)(summary

judgment); *Stevenson v. Great American Dream, Inc.*, 2013 WL 6880921 (N.D.Ga.

Dec. 31, 2013)(same); *Berry v. Great American Dream, Inc.*, 2014 WL 5822691

(N.D.Ga. Nov. 10, 2014)(Gentlemen's Club collaterally estopped from re-litigating

issue that entertainers are independent contractors rather than employees); *Vaughn v. Paradise Entm't Group, Inc.*, Case No. 14-CV-00914-SCJ, Doc. 190, (N.D.Ga. March 15, 2016)(summary judgment); *Dean v. 1715 Northside Drive, Inc.*, No. 1:14-CV-03775-CAP, Doc. 102, (N.D.Ga. January 14, 2017)(same); *Thompson v. 1715 Northside Drive*, No. 1:14-CV-390-RWS, at *11 (N.D.Ga. Mar. 30, 2015)(same). *Harrell v. Diamond A Entm't, Inc.*, 992 F. Supp. 1343 (M.D. Fla. 1997)(same).[1]

---

[1]    Other District and Circuit Courts have reached the same conclusion. *See, e.g.*, *Mason v. Fantasy*, *LLC*, 13-CV-02020-RM-KLM, 2015 WL 4512327, at *13 (D. Colo. July 27, 2015); *Verma v. 3001 Castor, Inc.*, CIV.A. 13-3034, 2014 WL 2957453, at *5 (E.D. Pa. June 30, 2014): *McFeeley v. Jackson St. Ent.*, *LLC*, 47 F. Supp. 3d 260, 279 (D. Md. 2014); *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 912-13 (S.D.N.Y. 2013); *Collins v. Barney's Barn*, *Inc.*, *et al.*, No. 4:12CV00685 SWW (E.D. Ark. Nov. 14, 2013); *Butler v. PP & G, Inc.*, CIV.A. WMN-13-430, 2013 WL 5964476, at *9 (D. Md. Nov. 7, 2013) *reconsideration denied*, CIV.A. WMN-13-430, 2014 WL 199001 (D. Md. Jan. 16, 2014); *Thornton v. Crazy Horse, Inc.*, No. 3:06-CV-00251-TMB, 2012 WL 2175753 (D. Alaska June 14, 2012); *Thompson v. Linda and A. Inc.*, 779 F. Supp. 2d 139, 151 (D.D.C. 2011); *Morse v. Mer Corp.*, 2010 WL 2346334, at *6 (S.D.Ind. 2010); *Reich v. Priba Corp.*, 890 F. Supp. 586, 594 (N.D.Tex. 1995); *Martin v. Priba Corp.*, 1992 WL 486911, at *5 (N.D.Tex. 1992); *Reich v. Circle C. Investments*, *Inc*., 998 F.2d 324, 330 (5th Cir. 1993). As the Court noted in *Gardner*, an adult entertainment club owned by the same Defendants, decisions in favor of adult entertainment clubs on this issue "are conspicuously thin, and includes a 15 year old decision from the District of Oregon and a two page order from the Eastern District of

**B**.     **Individual and Joint Liability of Defendants Steven Youngelson ("Youngelson") and Surrey White ("White")(collectively the "Individual Defendants").** Individual Defendants are the sole owners, officers and directors of Follies. Moreover, they exercised operational control over the Follies and acted directly on behalf of the Follies as to the compensation to be paid Plaintiffs and the collective action members and their other terms and conditions of employment. Specifically, they made the decision to (i) misclassify or continue to misclassify entertainers as independent contractors and/or employees; (ii) permit them to work for tips only, (iii) make them pay to work; and (iv) apply certain policies and procedures relating to their employment. *See* 29 U.S.C. § 203(d); *Hurst v. Youngelson et al.*, Civil Action File No. 1:15-CV-3560-MLB, Dkt. 110 (N.D.Ga. Jan. 28, 2019).

**C.**     **Service Charges Under the FLSA.** The stage, tableside and VIP room dance fees paid by customers to entertainers are not service charges within

---

Arkansas granting the defendant's seemingly unopposed motion for summary judgment." *Gardner*, at * 28. *see Matson v. 7455, Inc.*, No. 98-788, 2000 WL 1132110, at *4 (D.Or. Jan.14, 2000); *Hilborn v. Prime Time Club, Inc.*, No. 11-00197, 2012 WL 9187581, at *1 (E.D.Ark. July 12, 2012).

the meaning of the FLSA. The fees paid to entertainers by customers for table and VIP dancing are "tips" within the meaning of the FLSA. The FLSA distinguishes a "tip" from a "service charge." Under the FLSA, an employer may off-set a "service charge" against a minimum wage obligation, but not a "tip." This is because the "tip" belongs to the worker, and the "service charge" belongs to the employer and is paid to the worker by the employer. 29 C.F.R. § 531.55.

The type of dance fees involved in this case (dance fees and VIP room fees) are not service charges entitling the club to an offset or credit under the FLSA. *Dean v. 1715 Northside Drive, Inc.*, No. 14-CV-3775-CAP, *42 (N.D.Ga. Jan. 14, 2016); *Henderson v 1400 Northside Drive, Inc.*, 2015 WL 3823995, at *3-4 (N.D.Ga. June 19, 2015); *Wilson v. 1400 Northside Drive, Inc.*, Civ. Action No. 1:15-CV-4453-SCJ, * 15 – 20 (N.D.Ga. June 15, 2017). "[T]he fees received by dancers for entertainment provided on the main stage, the main floor, the VIP lounge, and the VIP rooms were obviously 'tips,' and so they may not be used to offset the Defendant's minimum wage obligations under the FLSA . . . . many courts have considered this question in context of adult entertainment and have agreed with the Plaintiffs' position." *Henderson,*  at *3-4. "Fees . . . paid to the

Plaintiffs for VIP room dances were not 'service charges' and cannot be used to set-off the defendants' minimum wage responsibilities." *Dean*, at *44.  Cash and credit card payments to entertainers for VIP dancing are "tips, not service charges, and cannot be used to offset Defendants' FLSA obligation to pay a minimum wage." *Wilson*, at *20.

Almost all other Courts have reached the same result. *Hart*, 967 F.Supp. 2d at 926-35 ("The Court finds that the performance fees charged by Rick's N.Y. were not service charges"); *Harrell*, 992 F.Supp. at 1358; *Reich v. ABC/York-Estes Corp.*, 1997 WL 264379, at *5-7 ([t]he table dance fees are more closely related to a tip than a service charge. . ."); *Reich v. Priba Corp.*, 890 F.Supp. at 594-95 ([T]he fees the entertainers receive for table and stage dances are appropriately classified as tips."); *Thornton*, 2012 WL 2175753, at *9 ("[t]he table dance fees . . . were tips which cannot be used to off-set the clubs' minimum wage obligation"). The dance fees here are not service charges under the FLSA for the same reasons.

**F.     Unlawful deductions Under the FLSA.** Plaintiffs are entitled to recover payments, including all fees, fines and tip-outs, made to the Club and its employees and workers because the as part of their minimum wage and overtime

wage losses because such payments reduced their wages below the minimum and

overtime wage. These types of illegal "kick-backs" that the dancers paid from their

tips in order to work are recoverable as part of Claimants' wage loss under 29

C.F.R. § 531.35.

> Unlawful "kick-backs" must be returned to Claimants to bring their lost wages up to zero, and not leave them at a negative number. *Reich v. Priba Corp.*, 890 F.Supp. 586, 595 (N.D. Tex. 1995). "The FLSA does not permit an employer to transfer to its employees the responsibility for the expenses of carrying on an enterprise." *Id*. To fully compensate a minimum wage employee where the employer has improperly required him to pay kickbacks, the defendant employer must pay the full minimum wage for all time worked, in addition to all fees collected. *Reich v. Priba Corp.*, 890 F.Supp. 586, 595 (N.D. Tex. 1995); *Reich v. Circle C Investments, Inc*., 998 F.2d 324, 330 (5th Cir. 1993); *Richard Martin,* No. 13-CV-4242-RWS, at *9 (N.D.Ga. Nov. 20, 2015).

> Under the FLSA, wages must be paid "finally and unconditionally" or "free

and clear" of any direct or indirect "kickbacks." 29 C.F.R. § 531.35 states:

> [w]hether in cash or in facilities, 'wages' cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or 'free and clear.' The wage requirements of the Act will not be met where the employee 'kicks back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the 'kick back' is made in cash or in any way other than cash. . . . . [T]here would be a violation of the Act in any work week when the cost  . . . by the employee cuts into the minimum or overtime wage required to be paid . . . under the Act.

10

Wages under the FLSA must be received "free and clear" of any improper deduction. *Arriaga v. Florida Pacific Farms, LLC*, 305 F.3d 1228, 1241 (11th Cir. 2002. "[R]equiring employees to pay for expenses incurred for the benefit of the employer functions as a *de facto* wage deduction." *De Leon-Granados v. Eller & Sons Trees, Inc.*, 581 F. Supp. 2d 1295, 1315 (N.D.Ga. 2008). In fact, there is "no difference between deducting an expense and failing to reimburse an expense." *Id*.

The mandatory payment of house fees and "tip-out" fees required to be paid by entertainers are the exact type of unlawful "kickbacks" prohibited by the FLSA. These payments are recoverable as part of a FLSA wage claim to the extent they reduce the employee's wage below the minimum or overtime rate. *Reich v. Priba Corp.*, 890 F. Supp. 586, 595 (N.D.Tex. 1995); *Reich v. Circle C Investments, Inc.*, 998 F.2d 324, 330 (5th Cir. 1993); *Hart v. Rick's Cabaret International, Inc.*, 60 F.Supp.3d 447, 477 (S.D.N.Y. 2014).  The clubs "practice of collecting a tip out fee . . . violates the FLSA because the deduction further reduces the entertainers' wages below the minimum wage." *Reich.*, 890 F. Supp. at 595. "[T]o fully compensate the entertainers in the amounts required by the FLSA, [the club] must pay them the full minimum wage for all time worked during the limitations period.

In addition, the club must return all tip out fees collected from the entertainers.". *Id*. "[T]he Court agrees with Plaintiffs that 'the method of calculating Defendants' back wage liability at trial should be (1) $7.25 per hour worked, plus (2) all [house fees] paid by Plaintiffs to Defendants. . . ." *Roger Wilson v. 1400 Northside Drive, Inc.*, Civil Action No. 1:15-CV-4453-SCJ, * 21 (June 15, 2017 N.D.Ga.).

The house fees and fees paid to Follies disc jockeys and housemoms each shift are unlawful deductions under the FLSA. *Hurst v. Youngelson et al.*, Civil Action File No. 1:15-CV-3560-MLB, Dkt. 167 (N.D.Ga. Dec. 26, 2019)

**G.    Follies' Seizure of Plaintiffs tips violate TIPA**. TIPA also recognizes that the tips belong to the entertainers and may not be shared with Follies for any purpose. Under TIPA:

> [a]n employer may not keep tips received by its employees for any purpose including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not it takes a tip credit.

29 U.S.C. § 203. Plaintiffs' tips were shared with Follies directly and indirectly. Plaintiffs paid Follies a house fee each shift, and the disc jockey a fee or tip-out which he "kick-backed" to Follies each shift.

(3)    Provide the name, and if known, the address and telephone number of each individual likely to have discoverable information that you may use to support

your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A)

**Response:**   See **Attachment A**.

(4)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that Rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

**Response:**   None at this time.

(5)   Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Response:**   See **Attachment C.**

(6)   Provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Response:**   See **Attachment D**.

(7)   Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach a copy of insurance agreement to Initial Disclosures as Attachment E.)

13

**Response:**   None known to Plaintiffs.

(8)     Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in Plaintiffs cause of action and state the basis and extent of such interest.

**Response:**   None known to Plaintiffs.

This 3rdday of January, 2020.

DUDLEY LAW, LLC

*/s/ Ainsworth G. Dudley*
Ainsworth G. Dudley
Ga. Bar No. 231745
Attorney for Plaintiffs
adudleylaw@gmail.com

4200 Northside Parkway
Bldg. 1, Suite 200
Atlanta, GA  30327
404.687.8205

14

## **ATTACHMENT A**
### **(Witness List)**

The following person(s) may have discoverable information:

1. Mikki Williams

2. Karenna Van Hook

3. Jessica Saunders

4. Hailey Lytle

5. Grace King

6. Ebony Yarbrough

7. Cydney Bell

8. Courtney Sacdalan

9. Shanterria Cameron

10. Toni Davis

11. Samantha Schaffer

12. Rodrina Brooks

13. Constance Smith

14. Courtney Ellington

15. Soraya Barker

16. Noelle Green

17. Brezzy Hurst

18. Steven Youngelson

19. Surrey White

20. Follies' managers

21. Follies' house moms

22. Follies floormen

23. Follies security personnel

24. Follies valets and parking attendants

25. Follies bartenders

26. Follies disc jockeys

27. Ainsworth Dudley (fees)

28. Leon Jones (fees)

29. Jonah Flynn (fees)

30. Bennet Alsher (good faith/willfulness)

31. Tamika Nordstrom (good faith/willfulness)

16

32. Erica Mason (good faith/willfulness)

33. Carey Wiggins (good faith/willfulness)

34. Ford & Harrison, LLP (good faith/willfulness)

35. Constangy Brooks Smith & Prophete, LLP (good faith/willfulness)

36. Lotaya Becton

37. Latisha Blake

38. Shanteria Cameron

39. Donjonae Grant

40. Sheldon Hailey

41. Ayalla Talley

42. Janna Anderson

43. Noelle Green

44. Delisha Watkins

45. Raquesha Mclean

46. Courtney Bradley

47. Michaela Harris

48. Toni Davis

49. Quina Dopoe

50. Tonisha Baker

51. Jasmine Stewart

52. Samantha Glen

53. Shante Sylvester

54. Ashley Murphy

55. Ayana Robinson

56. Calesia Goddard

57. Christina Charles

58. Desiree McGowan

59. Holly Hutsell

60. Isabell Serrano

61. Jazzlyn Griffin

62. Jessica Abraham

63. Jolene Nyguyn

64. Kierra McDuffie

65. Nina Kim

66. Tiffany Clarke-Murphy

67. Victoria Williams

68. Shannon Jackson

69. Sarah Olshansky

70. Soraya Barker

71. Krystal Wright

72. Aubree Sipple

73. Erin Carter

74. Asia Buck

75. Ashli Bond

76. Kimberly Kelly

77. Nyesha Adams

78. Latoya Owens

79. Jasmine Barrocal

80. Langia Thomas

81. Orchid Jones

82. Ivy White

83. Tiffany Terveen

84. Amara Hinds

85. Jade Buck

86. Fareia Islam

The Plaintiffs reserve the right to amend or supplement this witness list.

**ATTACHMENT C**
**(Description by category and location of documents)**

| | |
|---|---|
| 1. | Disc Jockey Sign-In Sheets dated October 11, 2013 through July 2018 (Bates Stamp Nos. 1 – 17,997). These documents are maintained by Debtor and will be tendered in electronic format as received from Debtor. |
| 2. | Disc Jockey Sign-In Sheets Purportedly For Soraya Barker Only dated August 1, 2018 through March 30, 2019 (Bates Stamp Nos. 18,283 – 18,442). |
| 3. | Sample Disc Jockey Sign-In Sheet |
| 4. | Sample Independent Contractor Agreement |
| 5. | Sample Cover Letter |
| 6. | Follies' Schedule of House Fees |
| 7. | Follies' Damage Summary. A large blue-print-sized version of the following will be provided to the Court before or at trial |
| 8. | Follies' Final Damage Summary |
| 9. | Follies Disc Jockey Sheet Summary – Soraya Barker |
| 10. | Follies' Disc Jockey Sheet Summary – Cydney Bell |
| 11. | Follies' Disc Jockey Sheet Summary – Rodrinna Brooks |
| 12. | Follies' Disc Jockey Sheet Summary – Shanterria Cameron |
| 13. | Follies' Disc Jockey Sheet Summary – Toni Davis |
| 14. | Follies' Disc Jockey Sheet Summary – Noelle Green |
| 15. | Follies' Disc Jockey Sheet Summary – Grace Kang |
| 16. | Follies' Disc Jockey Sheet Summary – Hailey Lytle |
| 17. | Follies' Disc Jockey Sheet Summary – Courtney Sacdalan |
| 18. | Follies' Disc Jockey Sheet Summary – Jessica Saunders |

| 19. | Follies' Disc Jockey Sheet Summary – Samantha Shaffer |
|---|---|
| 20. | Follies' Disc Jockey Sheet Summary – Karenna Van Hook |
| 21. | Follies' Disc Jockey Sheet Summary – Mikki Williams |
| 22. | Follies' Disc Jockey Sheet Summary – Ebony Yarbrough |
| 23. | Class C Claimants Estimated Damages Summary |
| 24. | Sample "See Ya Pass" |
| 25. | Summary Judgment Order – *Hurst v. WBY, Inc.* |
| 26. | Follies' Responses to Requests for Admission and Exhibits 1 through 17 |
| 27. | Tolling Agreement |
| 28. | Statement of Services – Jones & Walden, LLC |
| 29. | Statement of Services – Dudley Law, LLC |
| 30. | Statement of Services – Flynn Law, LLC |
| 31. | Statement of Services – Tamra Ogier |
| 32. | Statement of Services – Delong Caldwell Bridgers & Fitzpatrick, LLC |
| 33. | Plaintiff's Responses and Objections to Defendant's First Interrogatories (Breezy Hurst v. Youngleson, et. al. U.S.D.C.) |
| 34. | Operating Report- February, 2016 |
| 35. | Operating Report- March, 2016 |

| 36. | Operating Report- April, 2016 |
|---|---|
| 37. | Operating Report- May, 2016 |
| 38. | Operating Report- June, 2016 |
| 39. | Operating Report- July, 2016 |
| 40. | Operating Report- August, 2016 |
| 41. | Operating Report- September, 2016 |
| 42. | Operating Report- October, 2016 |
| 43. | Operating Report- November, 2016 |
| 44. | Operating Report- December, 2016 |
| 45. | Operating Report- January 1, 2017 through March 31, 2017 |
| 46. | Quarterly Operating Report- April, 1, 2017 through June 30, 2017 |
| 47. | Supplement to Post-Conformation Operating Report (2nd Quarter 2017) |
| 48. | Quarterly Operating Report- July 1, 2017 through September 30, 2017 |
| 49. | Supplement to Post-Confirmation Operating Report (3rd Quarter 2017) |
| 50. | Quarterly Operating Report- October 1, 2017 through December 31, 2017 |
| 51. | Post-Confirmation Operating Report (1st Quarter 2018) |
| 52. | Post-Confirmation Operating Report (2nd Quarter 2018) |

| 53. | Post-Confirmation Operating Report (3rd Quarter 2018) |
| 54. | Post-Confirmation Operating Report (4th Quarter 2018) |
| 55. | See Ya Pass |
| 56. | Operating Report Analysis |
| 57. | |
| 58. | Dudley Law, LLC Invoice dated 8/22/19 |
| 59. | Jones & Walden Invoice dated August 23, 2019 |
| 60. | Jones & Walden Invoice dated April 26, 2019 (Segregated Billing) |
| 61. | Jones & Walden Invoice dated August 23, 2019 (Segregated Billing) |
| 62. | Amounts Billed for Class D Claims |
| 63. | Amounts Billed for Motion to Modify Plan |
| 64. | Payments, Net Fees, and Expenses |
| 65. | Payment Allocation |
| | |
| | |
| 66. | Follies Club Rules |

25

## ATTACHMENT D
## (Damages)

Plaintiffs are not in possession of the records to determine their actual damages. Plaintiffs seek unpaid minimum and overtime wages for each hour worked, the recovery of the tip credit to the extent it was taken by Defendants and the recovery of all fees, fines and tip-outs required to be paid by Plaintiffs, an equal amount in liquidated damages and reasonable attorneys' fees, expenses of litigation and costs. Upon information and belief, Defendants maintain records of the number of hours worked and fees, fines and tip-outs required to be paid by Plaintiffs. Plaintiffs will supplement this response after Defendants' records are provided to Plaintiffs and the damages are capable of exact computatioj. If Defendants do not maintain records of wages owed to Plaintiffs, Plaintiffs will proof damages based upon their recollection of the hours worked and fess and tip-outs paid to work at Follies.

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE</u>

This is to certify that the foregoing has been prepared using Times New Roman 14 point font, and that I have this date served a copy of the foregoing on opposing counsel by email and by electronically filing same with the Clerk of the Court, United States District Court, Northern District of Georgia.

This 3rd day of January, 2020.

DUDLEY LAW LLC

*/s/ Ainsworth G. Dudley*
Ainsworth G. Dudley
(Georgia Bar No. 231745)
Attorney for Plaintiffs

4200 Northside Parkway
Suite 200, Building 1
Atlanta, Georgia 30327
Telephone: (404) 687-8205
Facsimile: (404) 237-2150
Email: adudleylaw@gmail.com

27