IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Latoya Becton, et al.,

            Plaintiffs,    Case No. 1:16-cv-04003

v.                              Michael L. Brown
                                 United States District Judge
WBY, Inc., et al.,

            Defendants.
_____/

## ORDER

Plaintiffs sue to recover minimum wages and overtime pay guaranteed by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Defendants seek to dismiss Plaintiffs' second amended complaint. (Dkts. 54; 56.) The Court denies Defendants' motion.

### I.   Background

Plaintiffs are forty-four current and former entertainers at Follies Strip Club in Atlanta, Georgia. (Dkt. 54 ¶ 1.) They sue WBY, Inc., Follies's corporate entity, along with two of Follies's owners, Steven Youngelson and Surrey White. Plaintiffs claim Defendants misclassified

them as independent contractors, and as a result, did not pay them the minimum or overtime pay the FLSA requires. (*Id.*)

Follies filed for bankruptcy on February 5, 2016. (Dkt. 54 at 1 n.1.) The Bankruptcy Court lifted the stay on October 7, 2016, to allow potential plaintiffs to proceed for the purpose of the District Court to determine whether these potential plaintiffs were "employees at Follies and whether Follies violated the FLSA. (*Id.*) Plaintiffs sued on October 26, 2016. (Dkt. 1.) After extensive litigation, Plaintiffs filed a second amended complaint. (Dkt. 54.) Defendants move to dismiss that complaint in part. They argue two Plaintiffs have made conclusory allegations, the statute of limitations cuts off some of Plaintiffs' claims, and that Plaintiffs cannot bring both a kickback claim and a minimum wage claim.

## II. Standard of Review

A court may dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)).  At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

### III.  Discussion

#### A.  Plaintiffs Shannon Jackson and Sarah Olshansky

Defendants claim Plaintiffs Shannon Jackson and Sarah Olshansky have made conclusory allegations and their claims should be dismissed.  Unlike the other forty-two Plaintiffs, Jackson and Olshansky did not plead a specific period in which they allegedly worked without receiving the minimum wage or overtime benefits.  This failure, Defendants claim, makes it impossible for the Court to determine whether these Plaintiffs have any live claims within the statute of limitations period.  The Court disagrees.  Plaintiffs Jackson and Olshansky assert they worked within the limitations period and were not paid minimum wages or overtime pay as guaranteed by the FLSA.  (Dkt. 54 ¶¶ 1, 8.)  This assertion "raise[s] a reasonable expectation that discovery will reveal evidence" that Defendants violated the FLSA. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012)

3

(quoting *Twombly*, 550 U.S. at 556). Plaintiffs Jackson and Olshansky have thus made plausible claims.

B.  **Statute of Limitations**

Defendants argue Plaintiffs make claims against Defendant WBY outside the applicable statute of limitations.[1] Defendants made, and the Court rejected, the same arguments in *Smith v. WBY, Inc.*, 1:16-cv-04017-MLB, at ** 3–5 (N.D. Ga. Nov. 19, 2019). The Court sees nothing to distinguish *Smith* from the case here, and like *Smith*, finds the statute of limitations began to run when Follies entered bankruptcy, February 5, 2016:

> The statute of limitations for FLSA claims is two years, unless the violation is willful, and then the statute of limitations is three years. *See* 29 U.S.C. § 255(a). Plaintiffs claim Follies did not pay them minimum or overtimes wages over an extended period. Each time Follies failed to pay them earned wages, Follies violated the FLSA. *See Knight v. Columbus, Ga.*, 19 F.3d 579, 581 (11th Cir. 1994) ("It is well settled that [a] separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the

---

[1] Defendant also seeks to dismiss claims against Defendants Youngelson and White that arise from conduct before October 26, 2017. Plaintiffs do not contest this part of the motion to dismiss, claiming they did not intend to sue Defendants Youngelson and White for conduct before that date. Plaintiffs' claims against the individual Defendants thus do not encompass Defendants Youngelson's and White's conduct before October 26, 2013.

4

overtime compensation is claimed.") (quoting *Hodgon v. Behrens Drug Co.*, 475 F.2d 1041, 1050 (5th Cir. 1973)). Since Plaintiffs have pled a willful violation, the statute of limitations cuts off recovery for any unpaid pay three years from when the statute of limitations begins to run. Defendants claim the statute of limitations ran from October 27, 2013, three years before Plaintiffs sued. Plaintiffs claim the statute of limitations ran from February 5, 2013, three years before Follies entered bankruptcy.

Plaintiffs are correct. The Bankruptcy Code "delays the expiration of any limitations period that would otherwise end during the duration of the automatic stay until thirty days have passed after notice of termination of the stay." *Barraford v. T & N Ltd.*, 778 F.3d 258, 260 (1st Cir. 2015); *see* 11 U.S.C. § 108(c)(2) (allowing alternatively a plaintiff to bring her claims within the otherwise proscribed statute of limitations). The bankruptcy stay began February 5, 2016, and ended October 7, 2016. Since Plaintiffs sued October 27, 2016, they sued within the thirty-day period after the Bankruptcy Court lifted the stay. As a result, the statute of limitations began to run when Follies entered bankruptcy, February 5, 2016.

Defendants argue the bankruptcy stay does not toll deadlines, and they are correct. (Dkt. 26 at 12–17 (citing *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1073 (2d Cir. 1993).) Plaintiffs, however, do not seek to toll deadlines, they seek to take advantage of the bankruptcy code provision that extends any statute of limitations for thirty days after the end of the bankruptcy stay. *Aslanidis* also does not help Defendants. The plaintiff there filed his claim fifty-eight days after the bankruptcy court lifted the stay, putting him outside the thirty-day window. *Aslanidis*, 7 F.3d at 1071.

> Defendants also argue that equitable tolling is not appropriate here. But as Plaintiffs do not require equitable tolling, this argument is irrelevant, and the Court does not address it.

*Id.*

## C.   Free and Clear Provision

Plaintiffs claim, as Follies' entertainers, they had to kick-back payments which led to wages below the minimum wage in violation of the FLSA's "free and clear regulation." 29 C.F.R. § 531.35; (Dkt. 54 ¶¶ 102–04.) Defendants claim Plaintiffs have failed to plead facts that would constitute a free and clear claim.[2] Defendants also claim Plaintiffs cannot bring both a minimum wage claim and a free and clear claim. The Court already addressed the arguments raised here in *Smith*. Again, the Court sees nothing to distinguish this case from *Smith*. Essentially, Plaintiffs can bring two different, even inconsistent, theories of recovery at this stage. In greater detail:

---

[2] Plaintiffs have stated a free and clear requirement claim. They claim they worked between seven and nine hours a shift. (Dkt. 54 ¶ 89.) Plaintiffs claim Defendants not pay the minimum wage or overtime benefits. (*Id.* ¶¶ 90, 99.) And Plaintiffs claim they had to pay house fees, DJ fees and housemom fees, causing their wages to drop below the minimum wage. (*Id.* ¶¶ 74, 90, 104.)

6

Plaintiffs seek relief in two ways.  First, they claim the required fees to Follies's support staff reduced their wages below the minimum wage (the "kickback claim").  (Dkt. 17 ¶¶ 32, 33, 35); *see* 29 C.F.R. § 531.35 ("The wage requirements of the Act will not be met where the employee 'kicks back' directly or indirectly to the employer or to another person for the employer's benefit the whole part or part of the wage delivered to the employee.").  Next, they claim they are entitled to unpaid minimum wages, given that Follies did not pay them minimum wages at all (the "minimum wage claim").  (Dkt. 17 ¶¶ 21, 34); *see* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation.").  Both theories present viable claims.

Defendants argue the Court should dismiss the kickback claim because it is inconsistent with the minimum wage claim.  Any inconsistency does not mean that the Court should dismiss either claim.  Essentially Plaintiffs have pled two theories of recovery:  Plaintiffs claim they were either employees who did not receive the required minimum wages or employees who were paid the necessary wage but who were forced to pay kickback for the employer's benefit that caused their pay to fall below the minimum level.  Or perhaps they allege both happened.  These permutations are not so inconsistent as to preclude each other.  Plaintiffs may be able to recover for only one of these permutations, but Plaintiffs have the right to plead different theories of recovery.  *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").

Defendants' other arguments also fail.  Defendants claim the tip-outs could not be less than the minimum wage

because both Plaintiffs testified to averaging more money than the minimum wage. At a motion to dismiss, however, the Court is limited to the four-corners of the complaint. Defendants also assert the amended complaint does not meet the plausibility standard. The Court disagrees. The pleading standard for FLSA claims is straightforward. *See Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008) ("Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act.") Plaintiffs claim that they were employees of Follies, that Follies failed to pay them a minimum wage, and that Follies forced them to pay fees to its bartenders, barbacks, bouncers, and valets, thus ensuring any wages they received fell below the minimum wage. Plaintiffs allege a plausible kick-back claim.

Last, Defendants argue Plaintiffs have not stated how the fees given to Follies' support staff were "expenses incurred for the benefit of the employer." This argument is unconvincing. The fees made Follies a more lucrative, and thus attractive, place for the support staff to work.

## IV. Conclusion

The Court **DENIES** Defendants' Motion to Dismiss (Dkt. 56).

**SO ORDERED** this 27th day of April, 2020.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

8