## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Latoya Becton, et al.,

                    Plaintiffs,      Case No. 1:16-cv-04003

v.                              Michael L. Brown
                                 United States District Judge

WBY, Inc., et al.,

                    Defendants.

_____/

## <u>ORDER</u>

Plaintiffs sue to recover minimum wages and overtime pay guaranteed by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). (Dkt. 54.) They claim Defendants misclassified them as independent contractors when they were actually employees. (*Id.*) Defendants argue they classified Plaintiffs based on the advice of counsel. (Dkt. 58 ¶ 24.) The problem is that one of the lawyers who allegedly provided Defendants that advice is also their litigation counsel here. Plaintiffs seek to disqualify that lawyer. (Dkt. 79.) The Court denies Plaintiffs' motion.

## I.     Background

Plaintiffs are forty-four current and former entertainers at Follies Strip Club in Atlanta, Georgia.  (Dkt. 54 ¶ 1.)  They sue WBY, Inc., Follies's corporate entity, along with two of Follies's owners, Steven Youngelson and Surrey White.  Plaintiffs claim Defendants misclassified them as independent contractors, and as a result, did not pay them the minimum or overtime pay the FLSA requires.  (*Id.*)

In the early 2010's, more and more adult entertainers began bringing FLSA cases arguing employers misclassified them as independent contractors when they were employees.  (Dkt. 99 at 4.)  Defendant Youngelson questioned whether a court would find Follies entertainers to be employees.  (Dkt. 79 at 5 n.5.)  Starting in September 2011, Bennett Alsher, with the law firm Ford & Harrison, began advising Defendants.  (*Id.* at 5–6.)  Mr. Alsher met with Mr. Youngelson to discuss the ramifications of *Clincy v. Galardi South Enterprise Inc.*, 808 F. Supp. 2d 1326, 1338 (N.D. Ga. 2011), which found adult entertainers to be employees under the FLSA.  (Dkt. 79 at 6.)  Mr. Alsher told Mr. Youngelson that Follies had a five percent chance of winning a

misclassification case and the best way to avoid FLSA liability would be to change its business model.  (*Id.* at 8–9.)

Defendants did not want to do this.  (*Id.* at 9.)  They sought different counsel, hiring Tamika Nordstrom and Erica Mason.  (*Id.* at 10–11.) These two lawyers at first told Defendants they would most likely lose a misclassification case.  (*Id.*)  Ms. Nordstrom and Ms. Mason then investigated Follies' FLSA practices (primarily interviewing dozens of dancers) to determine how a court would look at Follies' employment practices under the FLSA's economic realities test. (*Id.* at 11.)  After this investigation, Ms. Nordstrom and Ms. Mason changed their opinion, finding Follies had a decent chance to win an FLSA misclassification claim.  (*Id.*)  Since then, Defendants and Follies' entertainers have engaged in extensive litigation, including four cases currently before this Court. *See Hurst v. Youngelson*, No. 1:15-cv-03560 (N.D. Ga. Oct. 7, 2015); *Smith v. WBY, Inc.*, No. 1:16-cv-04017 (N.D. Ga. Oct. 27, 2016); *Barker v. WBY, Inc.*, No. 1:18-cv-02725 (N.D. Ga. June 4, 2018).  One of Defendants' lawyers, Ms. Nordstrom, went to work in-house and stopped representing Follies.  (Dkt. 99 at 2.)  The second lawyer, Ms. Mason, is Defendants' lead counsel in all four cases.

Defendants have put up good faith as a defense, meaning Defendants claim to have relied on counsel's advice in classifying entertainers as independent contractors. (Dkt. 58 ¶ 24.) If Defendants can show good faith, they can avoid paying liquidated damages. *See* 29 U.S.C. § 260. To show good faith, the "employer bears the burden of proving an honest intention to ascertain and follow the dictates of the [FLSA and] must also prove its position was objectively reasonable." *Hultgren v. Cty. of Lancaster*, 913 F.2d 498, 509 (11th Cir. 1990). Plaintiffs claim they will have to do discovery into the 2015 investigation and advice to determine whether Defendants acted in objective and subjective good faith. That means, in Plaintiffs' view, they may have to depose Ms. Nordstrom and Ms. Mason. Rule 3.7 of the Georgia Rules of Professional Conduct bars attorneys from serving as both witness and advocate for their client. According to Plaintiffs, if Ms. Mason remains trial counsel, she will be both be an advocate for Defendants and a witness on the good-faith defense. Plaintiffs thus move to disqualify Ms. Mason.

## II.   Discussion

The Local Rules of the Northern District of Georgia require counsel to comply with the Georgia Rules of Professional Conduct.  LR 83.1(C), NDGa.  Rule 3.7(a) of the Georgia Rules of Professional Conduct provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where disqualification of the lawyer would work substantial hardship on the client."  Disqualification is an extraordinary remedy that should be "granted sparingly." *Bernocchi v. Forcucci*, 614 S.E.2d 775, 778 (Ga. 2005).  Whether to disqualify an attorney is within the trial court's discretion.  *Shuttleworth v. Rankin-Shuttleworth of Ga., LLC*, 759 S.E.2d 873, 875 (Ga. Ct. App. 2014).  When making this determination, a court should move with "great caution."  *Id.* at 876 (citation omitted).  That is because disqualification could lead to "unique hardship on the client, including the loss of time, money, choice of counsel, and specialized knowledge of the disqualified attorney."  *Cohen v. Rogers*, 789 S.E.2d 352, 360 (Ga. Ct. App. 2016) (quotation marks and citation omitted).  The court "should consider the particular facts of the case, balancing the need to ensure ethical conduct

on the part of the lawyers against the litigant's right to freely chosen counsel." *Shuttleworth*, 759 S.E. 2d at 875 (citation omitted).

The Court finds disqualification of Ms. Mason inappropriate both because she is not a necessary witness and because of the substantial hardship on Defendants if she were disqualified.   When seeking disqualification under Rule 3.7(a), "[t]he party moving for disqualification of a lawyer . . . has the burden of showing that the lawyer is likely to be a 'necessary witness' by demonstrating that the lawyer's testimony is relevant to disputed, material questions of fact and there is no other evidence available to prove those facts."  *Cohen*, 789 S.E.2d at 362 (citation omitted); *see also Hallmark Devs., Inc. v. Fulton Cty.*, 1:02-cv-01862, 2004 WL 5492706 at *9 (N.D. Ga. Sept. 27, 2004) (finding "necessary" for purpose of disqualification under Georgia Rule 3.7 requires proof that the proposed testimony is "relevant, material, and unobtainable elsewhere").

Plaintiffs claim they need to investigate Defendants' good-faith defense, and to do so they need to know what legal advice Mr. Youngelson received when deciding to classify entertainers as independent contractors.  Plaintiffs say Ms. Mason is a necessary witness that they

6

will need to depose to find out the advice Mr. Youngelson received. The Court disagrees. Plaintiffs have other avenues to inquire into the advice Mr. Youngelson received. Ms. Nordstrom and Ms. Mason worked together to advise Defendants on their chances in a misclassification lawsuit. The Court sees no reason why Ms. Nordstrom cannot explain the basis for this conclusion.

Plaintiffs argue there were conversations that Ms. Mason had with Defendants that did not include Ms. Nordstrom. But there is no indication that Ms. Nordstrom's testimony would differ from Ms. Mason's testimony or that the rationales that these lawyers gave, while working together, would be different in any way. And, of course, without Ms. Mason as a witness, Defendants probably will not be able to introduce evidence of any advice she gave outside Ms. Nordstrom's presence. An exception to hearsay certainly will not work. And if anything, Ms. Mason's inability to testify might damage Defendants because they cannot rely on the advice Ms. Mason individually gave as part of their good-faith defense. Defendants know this disadvantage and chose to accept it by retaining Ms. Mason as their attorney. ***The Court issues this warning.***

Defendants also argue Mr. Youngelson, who was trained as an attorney, can testify to the legal advice he received. (Maybe – but see the warning below.)  Plaintiffs claim they would need to depose Ms. Mason because Mr. Youngelson could not remember the cases Ms. Mason and Ms. Nordstrom gave him to read and consider.  Mr. Youngelson, however, could be deposed again after refreshing his memory as to the cases he read.  And, again, Mr. Youngelson most likely will be precluded from testifying about conversations he had with or advice he received from Ms. Mason alone.  By insisting on keeping Ms. Mason as his attorney he accepts this limitation on the evidence he may be able to present to the jury.  ***The Court issues this warning.***

The Court also finds disqualifying Ms. Mason would impose a substantial hardship on Defendants.  Ms. Mason has a unique expertise within this case because of her extensive work for Defendants.  She has represented Defendants for five years in misclassification cases, leading to a detailed knowledge of the relevant caselaw and facts.  Essentially, it would be impossible to replicate her knowledge.  Plaintiffs say there are other attorneys that could perform the same role, but any proposed ramp

up would be expensive for Defendants and given Ms. Mason's past work, less effective.

In addition, there would be substantial hardship to Defendants because of this case's posture.  The Court acknowledges discovery was just beginning when Plaintiffs filed this motion.  But Plaintiffs had served discovery requests and did not seek any sort of stay from the court. There has now been both extensive discovery and substantial motions practice, including three motions to dismiss and a motion for summary judgment.  (Dkts. 21; 32; 41; 56.)  New counsel catching up to speed would be a significant and unjustified burden to impose on Defendants.  *See Bernocchi*, 614 S.E.2d at 778 ("A client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime specialized knowledge of its operations." (citation and quotation marks omitted)).

## III.  Conclusion

The Court **DENIES** Plaintiffs' Motion to Disqualify Defendants' Counsel (Dkt. 79).

**SO ORDERED** this 27th day of April, 2020.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE